A90A1390. IN THE INTEREST OF T. M. H. et al., children.
(398 SE2d 766)

SOGNIER, Judge.

The father of T. M. H., D. A. H., and L. C. H., Jr., appeals from the order of the Juvenile Court of Butts County terminating his parental rights in the three children.

1. Appellant contends the evidence was insufficient to support the juvenile court's termination of his parental rights. The evidence adduced at trial established that appellant was convicted in March 1986 of statutory rape, aggravated sodomy, aggravated child molestation, child molestation, and two counts of cruelty to children as to his oldest child, T. M. H., and was sentenced to a total of 50 years in prison. The children's mother surrendered her parental rights in the children in September 1986. The children have been in foster care with the Butts County Department of Family & Children Services

(DFCS), and the petition for the termination of appellant's parental rights was brought in May 1987.

The foster mother of D. A. H. and L. C. H., Jr., testified to the contents of discussions she had had with the children in which they had detailed the types of sexual abuse inflicted upon them and their siblings by appellant and various paternal relatives. Dr. James E. Stark, an expert in child psychology who had treated all three children, testified that in January 1986 the children were "among the most traumatized children [he] had ever seen" in his extensive career. Dr. Stark testified that based on his testing, interviews, and observations of the three children, "my professional opinion is that most probably they have been severely abused by their father" both psychologically and sexually. As appellant correctly notes, Dr. Stark testified he had never evaluated or tested appellant. However, in response to a hypothetical question posed by the assistant attorney general based on Dr. Stark's knowledge of the condition of the children and the fact that appellant, named by the children as one of their primary abusers, had denied and continues to deny that he had ever harmed any of the children in any manner, Dr. Stark testified that unless appellant is willing to acknowledge his past behavior, "then there is not hope, I think in my professional opinion, of his changing what appears to be very, very strong abusive behaviors. I think the likelihood of those abusive behaviors continuing would be very, very high. And, it would appear until he is willing to admit some abusive problems, then he's probably not going to change and I do not think a person like that would be a fit parent of children." Dr. Stark stated that in his professional opinion, the children would never really recover from the trauma surrounding appellant and their fear of him; that the likelihood of appellant ever being able to provide for the needs of the children was "very, very low"; and that it was in the best interest of the children to have no physical contact with appellant and that the children "need separation in every way possible [from appellant] so they can move on with their lives."

Nancy Copeland Aldridge, a psychotherapist and licensed clinical social worker treating D. A. H. and L. C. H., Jr. on a bi-weekly basis, testified that both children scored high on tests for the behavioral indicators of sexual abuse and detailed a long list of abusive incidents related to her by these children that the children had either observed or personally endured. Based on her sessions with the children, she stated it was her opinion that appellant "absolutely cannot" provide proper parental care and control for the children and that appellant's inability to be a proper parent to children "is ever present and he will never be able to function as a parent for them."

(a) We find no merit in appellant's contention that the juvenile court based its findings on matters not in evidence.

(b) We find no merit in appellant's contention, raised in two enumerations, that the juvenile court erred by considering the testimony of witnesses as to the content of conversations they had with D. A. H. and L. C. H., Jr., both under 14 years. Both children were available at trial to testify, and both were qualified by the juvenile court as competent to testify but were never called.

OCGA § 24-3-16 provides that "[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." "As regards the hearsay objection, we find [these witnesses'] testimony falls squarely within OCGA § 24-3-16. [Cit.]" *Reynolds v. State*, 257 Ga. 725 (1) (363 SE2d 249) (1988). Appellant's argument that the juvenile court erred by not first determining the children's statements possessed "sufficient indicia of reliability" is controlled adversely to him by *Reynolds*, supra at 725-726 (2).

(c) Appellant's argument that there was no clear and convincing evidence the children were deprived because none of the State's witnesses had personally observed appellant together with the children (it appearing that the witnesses' contact with the children arose after appellant was incarcerated) is based on the position, rejected in Division 1 (b), that the statements made by the children to the witnesses at trial were inadmissible. Thus, there is no merit in this enumeration.

(d) We find the extensive expert testimony regarding the fear and trauma the three children currently experience and probably will always experience as a result of the abuse inflicted on them by appellant amply supports the juvenile court's finding that the children are deprived under OCGA § 15-11-81 (b) (4) (A) (i). The juvenile court's finding pursuant to OCGA § 15-11-81 (b) (4) (A) (iii) that the deprivation is likely to continue into the future was supported by the expert testimony that appellant's failure to admit his abuse of his children renders it most likely that the abusive behavior would continue should appellant ever be allowed contact with his children again. Accordingly, appellant's final argument under this enumeration is without merit.

2. The juvenile court's order contains explicit findings as to the existence of parental misconduct and inability as defined in OCGA § 15-11-81 (b) and the deleterious effect appellant has and would continue to have on the children's physical, mental, emotional, and moral condition. The juvenile court also found that the children "have a strong need for a stable and suitable home in which they can be protected from any further acts of abuse, aggression or molestation by

their father." The juvenile court detailed the State's investigation of paternal relatives who had offered to take the children and why those offers had been rejected. The juvenile court also found that the prospects for locating a permanent adoptive home for the two younger children were extremely good, and noted the evidence regarding permanent placement for the oldest daughter where she could be protected from her father.

Appellant contends reversible error was committed by the juvenile court by its failure to track the language in OCGA § 15-11-81 (a) by expressly finding that termination of his parental rights was "in the best interest of" the children, citing *In the Interest of G. K. J.*, 187 Ga. App. 443, 444 (3) (370 SE2d 490) (1988). In that case, the juvenile court's order included the ultimate determination that the best interest of the children would be served by terminating the father's rights, but failed to set forth the facts supporting that finding. We held that "there is no explicit statutory requirement for entering the specific findings of fact which support the juvenile court's ultimate finding that, based upon its further consideration of the best interest of the child, the rights of [the father] should be terminated." Id. at 445.

OCGA § 15-11-81 (a) provides that "[i]n considering the termination of parental rights, the court shall first determine whether there is present clear and convincing evidence of parental misconduct or inability. . . . If there is clear and convincing evidence of such parental misconduct or inability, the court shall then consider whether termination of parental rights is in the best interest of the child, after considering the physical, mental, emotional, and moral condition and needs of the child who is the subject of the proceeding, including the need for a secure and stable home." While the statute mandates the juvenile court consider "the best interest of the child" before ruling on a petition to terminate a parent's rights in the child, OCGA § 15-11-81 (a) contains no explicit statutory requirement that an order recite the words "in the best interest of the child" before it is correct under the law. Thus, we reject appellant's argument that the order here in which, by the matters recited therein, the court's consideration of the children's best interests is patent, was deficient.

3. In view of the juvenile court's finding, supported by Dr. Stark's testimony, that none of appellant's relatives is suitable for the placement of the children because of the probable history of incestuous behavior in that family, we find no merit in appellant's argument that the juvenile court improperly failed to make an "exhaustive and thorough search" for a suitable family member to accept the children under OCGA § 15-11-90 (a) (1).

4. Appellant contends the juvenile court erred by admitting into evidence numerous letters sent by appellant to various caseworkers to

forward to his children. We find no merit in this enumeration because the transcript reveals that the authenticity of the letters was testified to by appellant at trial, at which point the letters were retendered by the State, and other evidence regarding the subject matter of the letters (appellant's protestations of affection for his children and his denial of ever abusing the children) was admitted at trial without objection. See *Tucker v. Mappin*, 149 Ga. App. 847, 848 (B) (256 SE2d 135) (1979).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 29, 1990. ·

*Lindsey & Jacobs, Tamara Jacobs*, for appellant.

*Richard W. Watkins, Jr., Michael J. Bowers, Attorney General, Carol A. Cosgrove, William C. Joy, Senior Assistant Attorneys General*, for appellee.