A91A0163. ALEXANDER v. THE STATE.
(404 SE2d 616)

ANDREWS, Judge.

Alexander appeals his conviction of two counts of child molestation for acts involving his two daughters.

1. We address first the second and third enumerations which allege, respectively, error in denial of his motion for new trial on the general grounds and the insufficiency of the evidence. With regard to the motion for new trial, as it addresses the sufficiency of the evidence,[1] we consider it under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988); *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988).

Viewed in favor of the verdict, the evidence was that defendant, divorced from the children's mother, went with two co-workers to pick the girls up for his Christmas Eve visitation. He got in the back seat with Rebecca, then 11, and Nicole, then eight. Defendant, who had been drinking, then put his hands up Rebecca's shirt and down Nicole's pants and licked their faces, while the two men in the front seat laughed. When Nicole said she would tell, defendant threatened to beat her head in with the claw end of a hammer.

Defendant and his daughters then went to his mother's house for a party, after which the girls were returned to their mother.

The day after Christmas Day, while riding in the car with their mother, the girls related what happened and the investigation and prosecution ensued.

Defendant contended that the story was fabricated by his ex-wife and the two other men in the car reported that "nothing unusual" occurred, although one acknowledged that defendant wrestled with the girls in the back seat. This testimony, however, merely raised credibility issues, resolved against defendant at trial. OCGA § 24-9-80. "The jurors in this case heard the witness[es], and are better qualified to judge the reasonableness of a hypothesis raised by the evidence . . . than is this court which is restricted to a cold record and to issues of law. [Cit.]" *Burns v. State*, 166 Ga. App. 766, 769 (3) (305 SE2d 398) (1983). We examine not the weight but only the sufficiency of the evidence presented. *Thomas v. State*, 173 Ga. App. 810, 812 (2) (328 SE2d 422) (1985).

---

[1] The claimed error of law is addressed in the following division of this opinion.

Having so examined the evidence, we find it sufficient to prove the elements of OCGA § 16-6-4 (a), including proof of venue. There was no challenge below to the proof of venue and the DFACS investigator went to the locale described to her by the children and concluded it was in Gwinnett County. "[W]hen the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue. [Cit.]" *Minter v. State*, 258 Ga. 629 (373 SE2d 359) (1988).

2. Defendant also contends that the allowance of testimony by the children's mother, the DFACS worker, and a police detective repeating what the children told them about the incident was error. The only objection voiced below was that made during the mother's recitation that "this is some hearsay here. If the little girls are here to testify, I believe they can testify themselves."

No objection was made during the testimony of the DFACS worker and the policeman, and objection may not be made here to it for the first time. *Hight v. State*, 195 Ga. App. 727, 730 (6) (394 SE2d 636) (1990). Also, defendant argues for the first time here that he was denied his right to confrontation, which will not be considered.

In response to the objection made, the State relied on OCGA § 24-3-16, which is dispositive. That section provides that "[a] statement made by a child under the age of 14 years describing any act of sexual conduct or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." OCGA § 24-9-5, which in subsection (a) provides that children who do not understand the nature of an oath are incompetent witnesses, provides in subsection (b) that, notwithstanding subsection (a), in "criminal cases involving child molestation, . . . any such child shall be competent to testify, and his credibility shall be determined as provided in [OCGA § 24-9-80 et seq.]."

Therefore, the testimony of the mother, while hearsay, was nonetheless admissible. *In the Interest of T. M. H.*, 197 Ga. App. 416, 418 (1b) (398 SE2d 766) (1990).

Here, defendant argues that the procedural requirements of *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987) were not complied with in that there was no specific determination by the court on the record of the indicia of reliability of the statements. Pretermitting the fact that this objection was not raised below and that the children, 12 and ten at the time of trial, were both called to the stand by the State, took the oath, and were subject to cross-examination by defendant, "[b]y the court's admission of the out-of-court declarations, the court implicitly found the testimony to have sufficient indi-

230

cia of reliability as the statute requires. [Cits.]" *Rayburn v. State*, 194 Ga. App. 676 (3) (391 SE2d 780) (1990). See *Reynolds v. State*, 257 Ga. 725, 726 (2) (363 SE2d 249) (1988).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 8, 1991 —
REHEARING DENIED MARCH 22, 1991.

*Mears & Associates, B. Michael Mears*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.