## A91A0968. BURNEY v. THE STATE.
(410 SE2d 172)

BEASLEY, Judge.
Defendant appeals his convictions for burglary, OCGA § 16-7-1, and criminal attempt to commit rape, OCGA §§ 16-4-1 and 16-6-1,

which offenses both occurred during the same incident in 1989. He enumerates error on admission of evidence of a prior conviction and on the admission of evidence which he contends also placed his character in evidence.

1. Defendant was notified under USCR § 31 that the State intended to place three of his prior convictions in evidence. After a hearing the trial court denied the State's request as to two of the convictions but allowed the State to introduce defendant's 1980 conviction for burglary with intent to commit theft at a residence, where a female victim lived. Defendant was not convicted of any sexual assault in connection with the 1980 burglary.

The conviction was objected to both at the hearing and at the trial. No showing was made other than the conviction itself. The State never offered an explanation of its relevancy. The trial court, after admitting the evidence, instructed the jury that it was for a limited purpose, that is, as an example of a similar transaction. The court amplified this by stating that the jury could consider it solely to determine "knowledge, motive, intent or identity or any other matter dependent upon a person's state of mind or [where] any material element in a criminal offense is in question."

"The general rule is that evidence of independent crimes is inadmissible at the trial of the crime charged, even though it be a crime of the same sort. [Cit.] However, evidence of the other crime is admissible if some logical connection can be shown between it and the crime charged from which it can be said that proof of one tends to establish the other, other than by merely showing the bad character of the accused." *Johnson v. State*, 242 Ga. 649, 652 (3) (250 SE2d 394) (1978); OCGA § 24-2-2. Accord *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977); *Walraven v. State*, 250 Ga. 401, 407 (4b) (297 SE2d 278) (1982). "The *only* separate crimes which are admissible are those that are either similar *or* logically connected to the crime for which defendant is being tried." *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980).

The 1980 burglary was of the same general category, but at most it showed that nine years before, defendant had committed a burglary of the residence of a female with intent to commit theft, as was stated on the face of the indictment. There was no proof that a sexual assault was the motivation or even that the female victim was at home when the crime was committed. Thus the proof disclosed his bad character but not a propensity to commit the species of crime for which he was on trial. The earlier conviction did not tend to establish any of the purposes to which the court confined it. Compare *Johnson*, supra. The evidence, such as it was, indicated instead that the crime was not sufficiently similar or connected. *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991). *Bacon v. State*, 209 Ga. 261 (71 SE2d 615)

(1952); *Shinall v. State*, 113 Ga. App. 127 (147 SE2d 510) (1966); *Kitchens v. State*, 113 Ga. App. 663, 665 (149 SE2d 373) (1966).

Moreover, the evidence was too sparse to show factually that the earlier crime was of sufficient similarity to warrant its admission. *Stephens*, supra.

Because the evidence against defendant was not overwhelming, the admission of the prior conviction was not harmless error as was found in *Durden v. State*, 169 Ga. App. 777, 778 (1) (315 SE2d 291) (1984), and *Wright v. State*, 253 Ga. 1, 4 (3) (316 SE2d 445) (1984). *Stephens*, supra.

2. During redirect examination of a police officer the prosecutor asked the State's witness where he got a photograph of defendant used in a lineup. The witness replied: "It was taken out of our police files from a previous arrest." Defendant contends this was error, citing *Stanley v. State*, 250 Ga. 3 (295 SE2d 315) (1982).

*Stanley* and *Wright*, supra, both involved situations where there was a clear implication, other than or in addition to an arrest, that defendant had violated the criminal law. For a thorough discussion in this regard see *Hughey v. State*, 180 Ga. App. 375, 377-378 (2) (348 SE2d 901) (1986), where "arrest" was not interpreted as denoting a crime. See in addition cases cited in *Hughey*. Since this case must be reversed because of the error appearing in Division 1, we merely caution that such testimony is of dubious relevancy and dangerous propensity. On retrial, the source of the photo, if relevant, should not be described so as to cast defendant as a bad character.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*T. Chris Hughes*, for appellant.

*John C. Pridgen, District Attorney, James E. Turk, Assistant District Attorney*, for appellee.