## A91A1839. RADFORD v. THE STATE.
(415 SE2d 34)

BEASLEY, Judge.

Appellant, Ronald Radford, was indicted for theft by taking (OCGA § 16-8-2) based on allegations that on June 6, 1989, he was in lawful possession of $1,400 in money belonging to Gloria Miles and unlawfully appropriated it with the intent of depriving the owner of the property.

Miles hired appellant to construct a wooden fence and deck around a swimming pool in her backyard. She agreed to pay him $2,800 and she gave him $1,400 in advance in order to buy materials. He was supposed to have the job completed within two weeks. He did virtually no work, giving various reasons and excuses. He left his tools at Miles' residence and later came to retrieve them, but Miles, suspecting that he had bought the tools with her money, locked them in her garage and informed appellant that she would not return them until he either returned her money or built the fence and deck. She called him repeatedly, but he did not answer the phone or return calls in response to messages she left on his answering machine. She eventually requested that he return her money to her, because she had to hire someone else to do the work. She never heard from appellant again. Someone subsequently broke into her garage and stole only the tools.

Pursuant to USCR 31, the State filed pretrial notice of its intent to present evidence of two similar transactions. Although a pretrial hearing was requested, it was not reported. At trial, Bill Vaughn and Bill Butts gave testimony concerning the two transactions alleged to be similar.

Vaughn testified that in 1984 appellant had gotten his post office box number from his business card. Appellant went to the post office, represented himself as Vaughn, and persuaded a postal clerk to give him the key to the post office box. Appellant stole and cashed a $742 check payable to Vaughn. As a result of this incident, appellant was convicted of theft by taking.

Butts testified that in 1985 or 1986, he stored some furniture and

a car with appellant, who told him that he had sold the car for $1,500 or $1,600 by forging Butts' name on the certificate of title. He gave Butts $400, but never gave him the rest of the money or the furniture. As a result of this incident, appellant was convicted of theft by taking.

Copies of the indictments, pleas, and sentences admitted in evidence showed that appellant committed the Vaughn theft on September 28, 1983, and the Butts theft on December 12, 1985. He was convicted of the Butts crime and sentenced on September 9, 1987. He was convicted of the Vaughn crime and sentenced on January 14, 1988.

The trial court charged the jury that it could consider evidence of the independent crimes "solely with reference to the mental state, identity, or intent of the defendant insofar as the same is applicable to or refers to or illustrates the charge contained in the bill of indictment in this case and for no other purpose."

1. Appellant enumerates error on the trial court's refusal to give his requests to charge. One defined an affirmative defense and the burdens related thereto.[1] The other set out the affirmative defense provided in OCGA § 16-8-10 (2): "Should you find that the Defendant acted under an honest claim of right to the property involved or under a right to acquire and dispose of it as he did, then said right or claim of right constitutes an affirmative defense."

Appellant did not present evidence, and neither the opening statements nor closing arguments of counsel were reported. In cross-examining the victim and in relying on the direct examination of the witness, defendant sought to show that he had commenced performance under the contract and bought some material and bought or rented some tools and hired a workman. He further sought to show that he had gotten into an accident and was incapable of further performance, after which the victim placed his tools under lock and key. We assume without deciding that appellant was entitled to have the jury instructed with respect to this defense, because " '[t]o justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to

---

[1] It was an expanded version of that which appears in the Suggested Pattern Jury Instructions, Vol. 2, Part 3, V, p. 46. The first sentence, "An affirmative defense is one that admits the doing of the act charged, but seeks to justify, excuse, or mitigate it . . . ," seems to come from 21 AmJur2d, Criminal Law, § 183 (1981). The second sentnece is: "With respect to an affirmative defense, unless the state's evidence raises the issues involving the alleged defense, the Defendant, to raise the issue, must present evidence thereon." It appears to be based on *Colbert v. State*, 80 Ga. App. 641, 644 (56 SE2d 830) (1949); *Harris v. State*, 14 Ga. App. 574 (81 SE 815) (1914); Green, Ga. Law of Evidence, § 21 (3rd ed. 1988); and *State v. Royal*, 247 Ga. 309 (275 SE2d 646) (1981).

it.' [Cits.]" *Randall v. State*, 73 Ga. App. 354, 371 (3) (36 SE2d 450) (1945).

Although the court refused to give appellant's requests to charge, it did instruct the jury that, "a person commits the offense of theft by taking when he unlawfully takes or being in lawful possession thereof unlawfully appropriates any property of another with the intention of depriving him of the property regardless of the manner in which the property is taken or appropriated. I charge you that the law defines the term deprive to mean without justification, to withhold property of another permanently or temporarily." The court also charged on "reasonable doubt."

These instructions charged the essential principle embodied in appellant's asserted defense, although employing broader terminology than requested. " '(I)t is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court. [Cit.]' [Cit.]" *Shirley v. State*, 245 Ga. 616, 619 (3) (266 SE2d 218) (1980). Since the trial court did charge the jury so as to include appellant's asserted defense, it did not err. Compare *McRoy v. State*, 131 Ga. App. 307, 308 (3) (205 SE2d 445) (1974); *Foskey v. State*, 125 Ga. App. 672, 674 (3) (188 SE2d 825) (1972).

2. Appellant enumerates error on the trial court's admission of evidence of the independent crimes.

The Georgia Supreme Court has recently reiterated in *Stephens v. State*, 261 Ga. 467, 469 (6) (405 SE2d 483) (1991), that " '[i]t is universally recognized . . . that "(t)he general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort*, is irrelevant and inadmissible." (Cits.)' [Cit.]" (Emphasis in original.)

"However, for limited purposes such evidence may be admitted if two conditions are met: 'First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. (Cit.)' [Cit.] . . . [T]here must be some evidence to establish between the independent crime and the crime on trial such similarity to and logical connection with each other so that proof of the independent crime tends to establish, by evidence of identity, bent of mind, or intent, the commission of the crime for which [appellant] is on trial. [Cits.]" Id. at 469.

"The rationale for the latter rule is that evidence of an independent offense or act committed by the accused is highly and inherently prejudicial, raising, as it does, an inference that an accused who acted

in the same or in a similar manner on one occasion is likely to have acted in the same or in a similar manner on another occasion and thereby putting the accused's character in issue." *Williams v. State,* 261 Ga. 640, 641 (2a) (409 SE2d 649) (1991).

Radford's independent crimes were other theft-by-taking offenses involving dissimilar facts and committed between three and six years prior to the date of the commission of the crime charged. Thus, the other crimes were not relevant to that for which appellant was on trial. Although the State proved the details of the prior crimes, there was insufficient similarity and no logical connection so that proof of the independent crimes tended to establish the crime charged, except by raising an inference that appellant, who had committed theft on prior occasions, was likely to have committed the theft being tried. The three affirmative showings required by *Williams* were not and could not have been made.

*Judgment reversed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 21, 1992.

*George M. Johnson,* for appellant. ·
*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Rebecca A. Keel,* Assistant District Attorneys, for appellee.