A92A0718. LUMPKIN v. THE STATE.
(421 SE2d 100)

POPE, Judge.

Defendant Melvin Lumpkin was charged with murder and felony murder and was convicted of the lesser included offense of voluntary

manslaughter.[1] He appeals, contending that the trial court erred in admitting evidence of two prior offenses and that the evidence presented at trial was insufficient to sustain his conviction.

1. Contrary to defendant's third enumeration of error, the evidence adduced at trial was sufficient to authorize his conviction under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although the evidence was not without conflict, it is the duty of the trier of fact, not this court, to weigh the evidence and determine the credibility of the witnesses presented at trial. See *Blackshear v. State*, 199 Ga. App. 839 (1) (406 SE2d 269) (1991); *Cox v. State*, 197 Ga. App. 240 (5) (398 SE2d 262) (1990).

2. In 1983 and 1985 defendant entered guilty pleas to charges of aggravated assault. The State originally intended to introduce evidence of these prior crimes by introducing copies of the indictments, guilty pleas and sentences entered on the previous offenses. However, after the Georgia Supreme Court issued its decision in *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991) another hearing was held on the introduction of the prior crimes evidence. At the second hearing, the State summarized the anticipated testimony of the victims of the aggravated assaults. At the close of the second hearing, the trial court again ruled the evidence admissible.

Defendant first argues that the trial court erred in admitting evidence of the previous offenses because they were not sufficiently similar to the crime for which defendant was on trial in this case. In support of this contention, defendant argues that there were dissimilarities between the previous offenses, and thus it would be inconsistent to find both of these dissimilar offenses similar to the charges in this case. Defendant also points to certain dissimilarities between the previous offenses and the present crime.

The victim of the 1983 assault testified the defendant approached him while he was dancing with his girl friend in a nightclub and accused the victim of taking his money. The defendant hit the victim and the victim hit him back. The defendant suggested they should "take this outside" but the victim's girl friend stopped him from going outside. Defendant was waiting outside when the couple left approximately an hour later. The defendant remarked they could "finish it now" and the victim struck the defendant. The defendant hit the victim back and then took out a knife and began swinging it at the victim, cutting him twice. Following this testimony the trial court ruled the evidence concerning the 1983 aggravated assault admissible to show "course of dealing."

---

[1] This appeal is from defendant's second trial. Defendant's first trial resulted in a mistrial after the jury was unable to reach a unanimous verdict.

The victim of the 1985 incident testified he was attacked by defendant without provocation or warning while he was standing beside a friend's car. According to the victim, he was talking to his friend when the defendant, who was a backseat passenger in the automobile, "motioned up and hit him" and that he saw a flash and realized that defendant had cut him on his neck. Following the victim's testimony, the State offered the evidence to show "scheme of conduct, identity and state of mind" and the court ruled the evidence admissible for that purpose.

The evidence concerning the crime in this case was not without dispute. Evidence was presented that defendant cut the victim without provocation or warning. Evidence was also presented that the defendant said something in anger to the victim earlier in the evening before the incident occurred and that he again made some remark to the victim immediately before he began cutting him. Consequently, the evidence would authorize the finding that the crime here was committed after the defendant and the victim had argued; the evidence presented would also authorize a finding that no argument preceded the defendant's actions and that he started cutting the victim without provocation. The defendant told police the victim started the altercation and that he cut the victim in self-defense; defendant did receive a wound to his hand which apparently occurred during the altercation. The transcript shows the witnesses to the present crime had all been drinking alcoholic beverages shortly before this incident and that their testimony was unclear on both the particulars surrounding the events leading up to the incident as well as the exact manner in which the crime occurred. What is clear is that the crime could not have been committed in a manner similar to *both* of the previous crimes. In the 1983 incident the defendant cut the victim with a knife after the two had argued and exchanged physical blows; in the 1985 incident the defendant merely reached up and cut the victim in the neck area without provocation or warning and without any words having passed between the parties. To hold that both of these offenses are similar to the present crime, no matter which version of events is accepted as the true account of how the crime occurred in this case, is, as defendant argues, inconsistent.

Moreover, to the extent that the two previous crimes are similar, such similarities are dissimilar to the crime charged in this case. The earlier crimes were both committed in a public place, but the present offense happened in or around a private residence. In the previous altercations the defendant cut the victims once or twice, and the injuries were apparently not life threatening; in the present case, the defendant cut the victim five times and inflicted fatal injuries.

The trial court indicated the previous offenses were being admitted primarily to show course of conduct. However, inasmuch as de-

fendant's conduct during the prior offenses differed in each instance, no "course" of conduct was demonstrated, and "[t]he earlier [offenses] did not tend to establish any of the purposes to which the court confined it . . . ." *Burney v. State*, 201 Ga. App. 64, 65 (410 SE2d 172) (1991). "[Defendant's] independent crimes were other [incidents where defendant had cut someone with a knife or sharp object] involving dissimilar facts and committed between [five] and [seven] years prior to the date of the commission of the crime charged. Thus, the other crimes were not relevant to that for which [defendant] was on trial. Although the State proved the details of the prior crimes, there was insufficient similarity and no logical connection so that proof of the independent crimes tended to establish the crime charged, except by raising an inference that [defendant], who had [cut people with a knife] on prior occasions, was likely to have committed the [crime] being tried." *Radford v. State*, 202 Ga. App. 532, 535 (415 SE2d 34) (1992).

"Because the evidence against defendant was not overwhelming, the admission of the prior [offenses] was not harmless error . . . [cits.]." *Burney*, 201 Ga. App. at 66.

3. Defendant also contends the trial court erred by admitting the prior crimes evidence without making a proper finding as to the purpose for which the transactions were being offered.

Because of our holding in Division 2, supra, it is unnecessary for us to decide whether the trial court's findings in this case on the admissibility of the prior crimes evidence were sufficient. However, we note the Georgia Supreme Court's decisions in *Williams v. State*, 261 Ga. 640, 642 & n. 3 (409 SE2d 649) (1991) and *Maxwell v. State*, 262 Ga. 73, 75 n. 2 (414 SE2d 470) (1992) require trial courts to determine on the record whether the State has met the prerequisites for the admission of similar transaction evidence.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 1, 1992 —
RECONSIDERATION DENIED JULY 20, 1992.

*Russell C. Gabriel*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.