## A92A0863. COLLINS v. THE STATE.
### (422 SE2d 56)

POPE, Judge.

The defendant, Zachary S. Collins, was tried by a jury and convicted of unlawful distribution of cocaine. On appeal he asserts the trial court erred in denying his motion for directed verdict and that evidence of a similar transaction was improperly admitted.

The State presented evidence showing that J. L. Stevens, an undercover narcotics investigator for the Duluth Police Department, was driving in the vicinity of the Mount Carmel Baptist Church when defendant's brother, Danny Collins, walked in front of his pick-up truck and asked Stevens "what he wanted and how much." Stevens told him he wanted "two rocks," and Collins went into an adjacent yard where some other men were standing. After speaking to them he came back and told Stevens they did not have any rocks but to drive around the block and go to the church. Stevens circled the area a couple of times. The first time he passed the church defendant yelled at him, but he went by. When he came back defendant tried to flag him down. Stevens sped up because he knew the defendant from previous encounters and did not want to be recognized. He then parked in the church parking lot just barely off the street and began watching Danny Collins through his binoculars as he talked to a group of people in another yard.

When Stevens saw Collins walking toward him, he started to leave the parking lot but Collins motioned to him to stay where he was. Collins walked past Stevens and began talking with defendant in a well-lit spot under a street lamp approximately 25 yards away. Watching through the binoculars Stevens saw the defendant pull what appeared to be plastic bags out of one of his pockets and hand one to Collins, who then turned and walked straight over to Stevens while defendant stood and watched. Collins handed Stevens a plastic bag which contained what was later analyzed to be one rock of crack cocaine in exchange for $20. Stevens got out of the truck and told Collins he was under arrest. Collins ran to where defendant was standing and they both ran off between some buildings. Stevens saw defendant driving his car in the same neighborhood the next day and arrested him. Evidence that defendant had pled guilty to possession of cocaine in 1990 was allowed.

1. " ' "The denial of a motion for directed verdict of acquittal (where, as here, the motion is grounded on insufficiency of the evidence) should be affirmed if any rational trier of fact could have found the 'essential elements of the crime beyond a reasonable doubt.' " ' [Cits.] When this appellate standard is found to exist, we are per force finding that the evidence does not demand an acquittal as a matter of law. [Cit.] 'Since the evidence was sufficient under the test provided under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)] . . . appellant's motion for directed verdict was properly denied.' [Cits.] On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.] Review of the transcript

reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which convicted. *Jackson v. Virginia*, supra. The trial court did not err in denying [either] the motion for directed verdict [or for new trial]." *Wright v. State*, 199 Ga. App. 718, 719 (1) (405 SE2d 757) (1991). Accord *Hall v. State*, 200 Ga. App. 244 (407 SE2d 470) (1991); *Davis v. State*, 200 Ga. App. 44, 46 (3) (406 SE2d 555) (1991).

2. Defendant contends the trial court committed reversible error in allowing the State to introduce the similar transaction evidence because it involved a plea of guilty to possession of cocaine rather than unlawful distribution. He grounds his position on the dissent in *Faison v. State*, 199 Ga. App. 447, 450 (405 SE2d 277) (1991), wherein it was stated: "While the act of selling a drug necessarily implies control or dominion over it, the converse is not true — i.e., possession of a drug does not necessarily imply an intention to sell or distribute it."

We are not bound by a minority opinion, and conclude that the evidence here was sufficient to meet the standards set by the majority of this court in *Faison*, to-wit: "That the intent elements of the crimes may differ is totally immaterial to the determination of the admissibility of the evidence. There is *no* requirement that, to come within the 'other transaction' exception, the 'other transaction' must be *identical* in every [respect]. 'The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence "may be admitted if it ' "is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . ." ' " (Cit.)' [Cit.] 'Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of *another drug crime* and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, *the separate crime* will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.' (Emphasis supplied.) [Cits.] It is the factual similarity of the defendant's possession of drugs on different occasions which renders it admissible to show his identity, and the differing intent with which he may have possessed the drugs on those separate occasions is not a bar to its admissibility for that limited purpose." Id. at 448-449. Accord *Smith v. State*, 203 Ga. App. 3 (416 SE2d 129) (1992).

Merely because identity was not an issue here does not mean that the introduction of the similar transaction was only for the purpose of placing defendant's character in evidence. At a hearing outside the presence of the jury Stevens testified that the first time the defendant was arrested he was riding a bicycle and when Stevens approached him he threw a cigarette pack in a ditch. Stevens retrieved the pack

and discovered that inside it were five small plastic bags which each contained cocaine. Both incidents happened in the same one block area of the same neighborhood, and on both occasions the defendant was in possession of a number of plastic bags containing cocaine. While defendant was charged on the first occasion with possession of cocaine with intent to distribute, he pled guilty to the offense of possession. This evidence was similar enough to show defendant's course of conduct and scheme or plan to engage in the business of distributing cocaine. We find no reversible error in the admission of this evidence.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Michael M. White*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.