# A93A0094. GOODWIN v. THE STATE.
### (431 SE2d 473)

BLACKBURN, Judge.

The defendant, Lincoln Goodwin, was indicted for one count of aggravated assault, one count of kidnapping and one count of burglary. Following a trial by jury, he was convicted of aggravated assault with the intent to rape, false imprisonment, and criminal trespass, and sentenced to 15 years' imprisonment to serve 10 on the aggravated assault charge, 10 years to serve concurrently on the false imprisonment charge, and 12 months to serve concurrently on the criminal trespass charge. His motion for new trial was overruled by the trial court, and this appeal followed.

1. In his first two enumerations of error, the defendant contends that the trial court erred by not allowing him an opportunity to thoroughly cross-examine the victim regarding her prior cocaine use in order to impeach her testimony. As a result of the limitations placed upon his cross-examination of the victim, the defendant contends that the trial court violated his right to present a defense. We disagree.

The state moved in limine to "[p]rohibit the defendant and defendant's attorney from asking any questions regarding the victim's (Carolyn Jefferson) alleged use of illegal drugs or purchase of illegal drugs including cocaine or crack prior to or after the incident for which the defendant is on trial in the instant case." The state further moved to "[p]rohibit the defendant, defense attorney and all witnesses from making any statements, inferences or gestures regarding Carolyn Jefferson's alleged use of illegal drugs or purchase of illegal drugs including cocaine or crack prior to or after the incident for which the defendant is on trial in the instant case." In granting the state's motion in limine, the trial court concluded that the victim's past cocaine use was irrelevant, and, therefore, prohibited the defendant and his counsel's discussion of the victim's past use of illegal drugs. However, the defendant and his counsel were allowed to discuss any arrangement that the victim had made with the defendant in exchange for sex and question the victim as to her use of drugs on the night in question.

"The general character of a victim and his or her conduct in other transactions are irrelevant unless the nature of the matter at issue is such as to make character and previous conduct relevant. See OCGA § 24-2-2. Whether the victim was addicted to cocaine is irrelevant to the issue of whether defendant assaulted the victim and held her against her will. Furthermore, the trial court's allowance of evidence as to the victim's use of cocaine during the incident gave the defendant sufficient opportunity to establish his version of the facts." *Harris v. State*, 196 Ga. App. 304, 306 (3) (396 SE2d 288) (1990). Ac-

cordingly, the trial court did not err in prohibiting any discussion of the victim's prior drug use.

2. The defendant further contends that the trial court erred when it prohibited the impeachment of the victim by the use of a business record. In an offer of proof, defense counsel stated in her place that the director of the clinical laboratory at Grady would testify that the urine sample received from the victim shortly after the incident in question tested positive for cocaine. The director would further testify that urine samples are taken in the regular course of business and routinely done on pregnant women such as the victim. However, the director would not have been able to establish a chain of custody because the director did not have any personal knowledge of the person that received the sample from the victim or the person that analyzed the sample. The trial judge excluded the testimony of the director as well as the hospital report, based upon the defect in the chain of custody and the lack of relevance of the victim's cocaine use to the offenses charged to the defendant. The defendant contends that credibility was a factor, and if admitted, the jury could have inferred from the document that the victim was the initial aggressor.

Under OCGA § 24-3-14 (b), "[a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event . . . [if] it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter." Subsection (c) of the same Code section specifically provides that "[a]ll other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight; but they shall not affect its admissibility." In *Smith v. City of East Point*, 189 Ga. App. 454, 456 (376 SE2d 215) (1988), this Court upheld the admission of the results of a urinalysis although the person who conducted the test did not testify. The *Smith* court concluded that "[i]t was not necessary to offer the testimony of the person who conducted the tests in order to lay a foundation for admitting the results," and "[a]ny doubt about the identity or purity of the sample went to its weight, not its admissibility." Id.

Pretermitting the issue of whether the admission of the hospital record would have violated the trial court's ruling on the state's motion in limine and prohibition against the discussion of the victim's prior drug use, the results were admissible for impeachment purposes, and the trial court erred in excluding the hospital record. However, we conclude that any error committed by the trial court in excluding the record was harmless as other evidence of an impeaching nature, such as the victim's prior convictions for theft by taking and shoplift-

ing, was admitted and considered by the jury. " 'In order for an alleged error to be grounds for reversal, appellant must show not only error, but also ensuing harm. (Cit.)' [Cit.]" *Frost v. State,* 200 Ga. App. 267, 271 (4) (407 SE2d 765) (1991). The cumulative nature of the hospital record for impeachment purposes renders any error in its exclusion harmless. *Miller v. State,* 260 Ga. 191, 194 (5) (391 SE2d 642) (1990). In fact, the jury, in considering the victim and the defendant's version of the facts, convicted the defendant on the lesser included offenses of false imprisonment and criminal trespass. As for the defendant's conviction on the charge of aggravated assault, the overwhelming evidence, including the testimony of the 200-pound defendant that he slapped the 100-pound victim twice in self-defense after he had questioned her about sex, the testimony of the victim, several police officers, and neighbors of the victim, which corroborated the victim's testimony that she was struck by the defendant, overwhelmingly shows that the defendant was guilty of aggravated assault. Further, the victim's testimony that the defendant attempted to unfasten her pants was corroborated by the observations of Officer Harrelson that the victim was found with the top button and zipper of her pants undone. " '[O]verwhelming evidence of the defendant's guilt can negate the possibility that the . . . error contributed to the conviction. (Cit.)' [Cit.]" *Greer v. State,* 201 Ga. App. 775, 776 (2) (412 SE2d 843) (1991). Consequently, this enumeration is without merit.

3. Lastly, the defendant asserts that the trial court erred when it failed to charge the jury on the lesser included offense of battery. However, contrary to the contentions of the defendant, the trial court, as requested by the defendant, specifically charged the jury that "if you do not find the defendant guilty of aggravated assault with the intent to rape, you should go further and investigate another charge which is lesser included offense in count 1, and it's simple battery, and I charge you as follows: I charge you that a person commits the offense of simple battery when that person either, one, intentionally makes physical contact of an insulting and provoking nature with the person of another or, two, intentionally causes physical harm to another." Consequently, this enumeration is also without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993.

*Anna Blitz,* for appellant.
*Lewis R. Slaton, District Attorney, Leonora Grant, Carla Young,*

*Assistant District Attorneys*, for appellee.