## A94A0322. GONZALEZ v. THE STATE.
(445 SE2d 769)

SMITH, Judge.

Arnoldo Cieuentes Gonzalez was indicted with three others on one count of trafficking in cocaine, OCGA § 16-13-31. After a mistrial was declared in his first jury trial, Gonzalez was retried and convicted. His motion for new trial was denied, and he appeals.

1. Gonzalez enumerates as error the trial court's admission of evidence of a similar transaction. The record shows that the trial court held a pretrial hearing pursuant to Uniform Superior Court Rule 31.3

(B) and *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991).[1] The trial court found that the State satisfied the three affirmative showings required under *Williams*. Gonzalez contends that the State failed to show a sufficient connection or similarity between the similar transaction and the crime charged.

The State presented evidence of Gonzalez's earlier possession of cocaine in Sumter County, Florida. Both incidents involved the transportation of a kilogram of cocaine concealed in the rear passenger area of a vehicle. In both cases, Gonzalez and a companion were present when the cocaine was removed from the vehicle. The incidents occurred 11 months apart, and Gonzalez was confined to jail for a significant part of the intervening time.

Gonzalez contends that the two incidents are dissimilar because in the first the cocaine was discovered during a traffic stop on the highway, while in the second he was arrested during an attempted sale of the cocaine. Although the two arrests took place under differing circumstances, "[e]vidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct *outweighs* its prejudicial impact. . . . There is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible." (Emphasis in original; citations and punctuation omitted.) *Dobbs v. State*, 204 Ga. App. 83, 85 (3) (418 SE2d 443) (1992). Two incidents in which Gonzalez possessed a kilogram of cocaine concealed in the rear seat of a motor vehicle are sufficiently similar for the earlier incident to be admissible as showing his identity, motive, intent, and knowledge. *Cantrell v. State*, 210 Ga. App. 218 (2) (435 SE2d 737) (1993). The earlier incident is not too remote in time, particularly in view of Gonzalez's confinement during much of the intervening time. *Brunson v. State*, 207 Ga. App. 523, 525-526 (428 SE2d 428) (1993). The fact that he pled to the lesser offense of possession in the first case and was convicted of trafficking in the second case is not dispositive. *Collins v. State*, 205 Ga. App. 341, 343 (2) (422 SE2d 56) (1992). The trial court did not err in admitting evidence of the similar transaction.

2. Gonzalez also contends the trial court erred in denying his motion in limine regarding evidence of his Colombian nationality. Even if we assume this fact was somehow incriminating or prejudiced the jury in some manner, Gonzalez's Colombian passport was discovered during a search of his person incident to arrest. "Articles found in a defendant's possession at the time of his arrest 'are admissible as circumstances connected with the arrest. [Cit.]' [Cit.] The mere fact that the evidence may have incidentally implicated defendant in the com-

---

[1] All rulings on motions from the first jury trial were adopted on retrial of the case.

mission of an unrelated crime does not render the evidence inadmissible. [Cit.]" *Burdette v. State*, 197 Ga. App. 881, 882 (3) (399 SE2d 745) (1990).

3. Gonzalez also enumerates as error the trial court's denial of his motion in limine seeking to exclude testimony of his co-defendant regarding conversations and actions that took place during the negotiations leading up to the cocaine transaction at issue here. During his account of these events, the co-defendant testified that Gonzalez mentioned other drug sales, and that Gonzalez and others used cocaine after meeting with undercover agents to arrange the transfer of the drugs and again while awaiting delivery of the money.

"It is well settled in this state that acts are pertinent as a part of the *res gestae* if they are done pending the hostile enterprise, and if they bear upon it, are performed whilst it is in continuous progress to its catastrophe, and are of a nature to promote or obstruct, advance or retard it, or to evince essential motive or purpose in reference to it. . . . One of the exceptions to the rule that on prosecution for a particular crime evidence which tends to show that the defendant committed another crime wholly independent from that for which he is on trial is irrelevant and inadmissible, is where the other crime is a part of the *res gestae*. Therefore, a trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted.) *Sypho v. State*, 175 Ga. App. 833, 835 (3) (334 SE2d 878) (1985). Evidence as to whether Gonzalez was under the influence of alcohol or drugs at the time in question was admissible as part of the res gestae. *Latham v. State*, 195 Ga. App. 355, 356 (2) (393 SE2d 498) (1990). Statements which present a defendant in the light of contemplating future crimes or mentioning past ones are also admissible when part of the res gestae. *O'Kelly v. State*, 196 Ga. App. 860, 861 (2) (397 SE2d 197) (1990). The trial court did not err in admitting evidence of Gonzalez's statements and actions during the negotiations for the drug sale.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 1, 1994 —
RECONSIDERATION DENIED JUNE 27, 1994.

*Jack J. Menendez*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.