A94A1318. CHAPPELL v. THE STATE.
(451 SE2d 491)

BLACKBURN, Judge.

Defendant Marvin Chappell appeals his conviction by a jury on one count of a violation of the Georgia Controlled Substances Act involving the sale of cocaine.

The evidence, viewed in a light most favorable to upholding the jury verdict, shows that on February 11, 1993, an undercover police agent accompanied by an informant approached Chappell in Quitman, Georgia, and asked him for a "forty" (a $40 piece of crack cocaine). Chappell told the undercover agent and informant that he had nothing and that he did not mess with that stuff anymore. The informant again told defendant he needed a "forty." The tape of the conversation shows defendant told them, "[c]ome back in a, come back in a minute he just went to the back, he'll be through in a minute, go down the (inaudible) and come back here and come back, turn around and come back." The officer and the informant did as instructed and when they returned Joe Samuel approached their car and without any conversation between the parties, gave them a "forty" and received $40 from them. This fact clearly indicates that defendant told Samuel what to do and supports Samuel's pre-trial statement. How else would he have known what to deliver and what to collect? In Samuel's statement, which was admitted into evidence, he said that he heard the original conversation between defendant and the police agents. He further stated that after the agents pulled off as instructed, defendant approached and gave him the crack cocaine and told him to give it to the people in the truck. The drug transaction was thereafter completed by Samuel as instructed. Defendant watched the delivery and had an unrelated conversation with the informant thereafter.

1. Chappell argues the trial court erred by admitting into evidence, over objection, parol and documentary evidence of his seven-year-old prior conviction for possession of cocaine with intent to distribute in violation of OCGA § 16-13-30 as a similar transaction or occurrence for the purpose of showing course of conduct, modus operandi, and identity. The prior transaction involved a guilty plea to possession of 15 grams of crack cocaine with intent to distribute. The cocaine was seized from the kitchen sink in defendant's residence during the execution of a search warrant. The deputy involved testified that the cocaine was found in plastic bags prepared for distribution and identified Chappell as the perpetrator.

Evidence of a prior offense or act is highly and inherently prejudicial, raising an inference that an accused is likely to act in the same or in a similar manner on another occasion, thereby putting the accused's character in issue. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). In *Williams*, the Supreme Court held that before evidence of prior transactions may be admitted, the court must determine that they are sufficiently similar to the present charge and meet certain other requirements. The trial court determined that the evidence of the independent crime, which involved the intent to distribute cocaine, was sufficiently similar to the present cocaine sale case to show defendant's course of conduct, modus operandi and identity. "There is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible." *Gonzalez v. State*, 213 Ga. App. 667 (445 SE2d 769) (1994). The incidents are sufficiently similar where the defendant pled guilty to possession with intent to distribute in the prior case and was convicted of the sale of cocaine in the present case. *Collins v. State*, 205 Ga. App. 341, 343 (422 SE2d 56) (1992).

The deputy's identification testimony of Chappell as the perpetrator of the prior incident satisfied the identification requirements of *Williams*. While the trial court failed to apply the "balancing test" requirement of *Williams*, it is clear in this case that based upon defendant's denial of the commission of the subject crime (sale of cocaine), a past conviction involving the intent to commercially distribute cocaine would be most helpful to the jury, and therefore the State's need would have outweighed the prejudice to the defendant. Any error by the trial court in failing to apply the balancing test was harmless *under the facts of this case*. The trial court did not commit harmful error in allowing the State to introduce the similar transaction evidence.

2. Defendant contends that the evidence was insufficient to sustain the conviction. The record contains the testimony of the agent involved, the confidential informant, and the written statement of Joe Samuel who completed the drug delivery on behalf of defendant.

While Samuel offered contradictory live testimony, his written statement was properly admitted as substantive evidence. "[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982).

In any event, Samuel's statement was introduced with the consent of defendant, and he cannot now complain. It is also noted that while defense counsel contended Samuel could not read or write, the following colloquy occurred: The Court: "Speak up whether or not you can read and write. Samuel: [Referring to the written statement] "This ain't my handwriting"; a strange answer from one who cannot write. The credibility of the witnesses and conflicts in evidence are for the jury to resolve, as they did to defendant's detriment. This court does not examine the weight, but rather the sufficiency of the evidence. *Alexander v. State*, 199 Ga. App. 228 (404 SE2d 616) (1991). The evidence was sufficient for a reasonable trier of fact to find defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781) (61 LE2d 560) (1979).

3. Defendant enumerates as error the trial court's exclusion of hearsay evidence concerning conversations between defendant's attorney and witness Samuel at arraignment. Defendant sought to have witness Austin testify to confirm certain such conversations as to which witness Samuel had already testified and acknowledged. The trial court did not err in excluding this evidence. See *Goodwin v. State*, 208 Ga. App. 707, 709 (431 SE2d 473) (1993).

4. Defendant enumerates as error the failure of the State to properly notify defendant of its intention to seek life imprisonment pursuant to OCGA § 16-13-30 (d). Contrary to defendant's contentions, notice was properly given pursuant to OCGA § 17-10-2 (a) and is contained in the record. See *Mays v. State*, 262 Ga. 90 (414 SE2d 481) (1992).

5. Defendant enumerates as error the failure of the trial court to exclude the testimony of a State witness who remained in the courtroom subsequent to the court's granting of the "sequestration rule" at defendant's request. Witness Dorsey, a prior transaction witness, inadvertently remained in the courtroom in violation of the sequestration order during the pre-trial hearing. Such a violation affects only the weight and credibility and not the admissibility of the witness testimony. *Blanchard v. State*, 247 Ga. 415, 416, 417 (276 SE2d 593) (1981). The trial court did not err in exercising its discretion in allowing the witness to testify at the pre-trial hearing.

6. Defendant enumerates as error the admission of the audiotape of the drug transaction and the transcript thereof for jury consideration solely on the basis that such was hearsay evidence. Defendant

cites no authority for his position. The tape contains the actual voice of the defendant and was properly authenticated. See *Steve M. Solomon, Jr., Inc. v. Edgar*, 92 Ga. App. 207 (88 SE2d 167) (1955). The court did not err in allowing the jury to read along with a properly authenticated transcript while the tape was being played in the courtroom. See *Brooks v. State*, 141 Ga. App. 725, 736 (234 SE2d 541) (1977).

*Judgment affirmed. Birdsong, P. J., concurs. Ruffin, J., concurs specially.*

RUFFIN, Judge, concurring specially.

I concur in the affirmance of the judgment of conviction only because the evidence was overwhelming; thus, the trial court's erroneous admission of Chappell's prior conviction was harmless. See *Watkins v. State*, 206 Ga. App. 701, 704 (1) (426 SE2d 238) (1992). However, I write separately because I do not agree that we can ignore the test set forth in *Williams v. State*, 261 Ga. 640, 642 (2) (409 SE2d 649) (1991) on the admissibility of prior transactions in any case, and substitute in lieu thereof a test which turns on the degree to which evidence of prior transactions would be helpful to the jury, and whether the State's need outweighs prejudice to the defendant.

The third prong of the *Williams* test requires "a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.]" Id. at 642. While the prior offense need not be identical, "the evidence must be relevant for some purpose other than to show the probability that [Chappell] committed the crime for which he is on trial because he is a person of criminal character. [Cit.]" *Morris v. State*, 212 Ga. App. 779, 780 (1) (442 SE2d 792) (1994).

The trial court admitted the prior conviction to show course of conduct and modus operandi. However, Chappell's prior conviction "did not tend to establish . . . the purposes to which the court confined it." *Burney v. State*, 201 Ga. App. 64, 65 (1) (410 SE2d 172) (1991). Instead the evidence demonstrates that the prior crime was significantly different. As a consequence, there was "no logical connection so that proof of the independent [crime] tended to establish the crime charged, except by raising an inference that appellant, who had [violated the Georgia Controlled Substances Act with cocaine] on [a] prior [occasion], was likely to have committed the [crime] being tried. The three affirmative showings required by *Williams* were not and could not have been made." *Radford v. State*, 202 Ga. App. 532, 535 (2) (415 SE2d 34) (1992); *Lumpkin v. State*, 205 Ga. App. 68 (3) (421 SE2d 100) (1992). Accordingly, the trial court erred in admitting the prior conviction.

DECIDED NOVEMBER 29, 1994 —
RECONSIDERATION DENIED DECEMBER 13, 1994.

*Edith M. Edwards*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.