## PAULK *et al. v.* The State.

PER CURIAM.   The court did not err in overruling the motion for a continuance, based on the absence of a witness, it appearing (a) that the witness, at the time of the trial, was in the service of the United States as an enlisted soldier at Camp Pike, Little Rock, Ark., and not within

the jurisdiction of the court, (b) that the defendants had been allowed a continuance at three previous terms of the court, and (c) that there had been an absence of diligence. *Johnson* v. *State,* 58 *Ga.* 491 (1); *Turner* v. *State,* 70 *Ga.* 765 (2a); *Woolfolk* v. *State,* 85 *Ga.* 69 (4), 82 (11 S. E. 814).

2. The court, in defining the phrase "reasonable doubt," instructed the jury that "the reasonable doubt of the law is one that grows out of the testimony, and leaves the reasonable mind wavering, unsettled, not satisfied from the evidence," etc., omitting the words "or lack of evidence.". This court has repeatedly held that the phrase "reasonable doubt," in the absence of an appropriate written request, sufficiently defines itself. It may be added that the definition given in this case is not technically complete; but under the entire charge, and the evidence in the case, the criticism made does not warrant the grant of a new trial. *Barnard* v. *State,* 119 *Ga.* 436 (46 S. E. 644).

3. The verdict in the case is not wholly dependent upon circumstantial evidence, there being evidence of a confession by one of the defendants and evidence of an eye-witness as to all of the defendants. The court did not err, therefore, in failing to instruct the jury the provisions of the Penal Code, § 1010, in regard to the degree of proof necessary to a conviction where the same is dependent wholly upon circumstantial evidence.

4. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

No. 840. August 14, 1918.

Indictment for murder. Before Judge Eve. Tift superior court January 26, 1918.

At the July term, 1916, of the superior court an indictment was returned by the grand jury of Tift county, charging James and Arthur Paulk with the offense of having murdered Wiley Matthews on the 21st of December 1915. On motion of the defendants the case was continued at the January, April, and July terms, 1917, and on the occasion of the last continuance one of the attorneys for the defendants stated to the court "that no further showing for continuance would be made, but that the case would be ready for trial at the October term, 1917, without fail, so far as the defendants were concerned," and this statement was noted on the judge's docket. At the October term, 1917, the case was again called for trial, and the defendants moved for another continuance on the ground of the absence of one Fletcher, a witness for the defendants. It appears from the showing made on the motion, that the witness had been subpœnaed; that his testimony was material; that he had resided in Tift County, and had testified on a former trial of the case; that he had enlisted in the United States Army in April, 1917, and at that time was in the United States Army

and stationed at Camp Pike, Little Rock, Ark.; and that defendants had made no effort to locate him nor requested the sheriff to do so for several months. The motion to continue was overruled. The case proceeded to trial, and a verdict of guilty with recommendation to mercy was returned. A motion for new trial contained the general grounds and the following: (1) that the court erred in overruling the motion to continue the case; (2) that the court erred in defining "reasonable doubt" in a manner to restrict the same unduly; (3) that the court failed to give in charge to the jury Penal Code § 1010, in regard to the degree of mental conviction where the case is dependent wholly upon circumstantial evidence. The motion was overruled, and the defendants excepted. There was evidence of a confession, and one of the witnesses swore that he was present and saw the killing, which was at night; that he was riding in a buggy with the two defendants, who had concealed shotguns therein; that on arriving at the small cabin by the roadside wherein the deceased resided alone one of the defendants, in a disguised tone of voice, called the deceased to the door, whereupon both the defendants opened fire, shooting the deceased, who died soon thereafter without recognizing his assailants. There was evidence of buckshot imbedded in the door of the cabin, and other circumstances tending to corroborate the testimony of the eye-witness. There was also evidence of threats on the part of one of the defendants to kill the deceased. The defendants denied their participation in the killing, and introduced evidence of an alibi.

*R. D. Smith, John R. Cooper,* and *E. K. Wilcox,* for plaintiffs in error.

*Clifford Walker, attorney-general, R. S. Foy, solicitor-general, J. H. Tipton,* and *M. C. Bennet,* contra.