### 11839.   IVEY *v.* THE STATE.

BROYLES, C. J.   1. The accusation charged, in substance, that the accused had, controlled, and possessed intoxicating liquors or beverages; and in the excerpt from the charge of the court to which exception is taken the jury were instructed, in substance, that if they found, from the evidence, that the defendant had, controlled, or possessed intoxicating liquors or beverages in the county on the date alleged in the accusation, or within two years prior to that time, they should return a verdict of guilty.   There was no substantial error in the excerpt complained of.

2. In view of the strong counter-showing made by the State, the court did not err in overruling the 7th and 8th grounds of the motion for a new trial, which were based respectively upon alleged bias and prejudice of one of the jurors, and upon alleged newly discovered evidence; nor did the court err in overruling the defendant's objections to certain portions of an affidavit submitted by the State in its counter-showing to the defendant's showing in support of these grounds.

3. The evidence was sufficient to authorize the jury to find that the mash or "buck" in question was intoxicating, and that it could be used as a beverage; and the evidence, while circumstantial, was also sufficient to authorize a finding that this intoxicating beverage had been found in the possession or control of the defendant, and to exclude every *reasonable* hypothesis save that of his guilt.

*Judgment affirmed.    Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 9, 1920.

Accusation of possession of liquor; from city court of Blackshear — Judge Mitchell.   August 3, 1920.

The accusation charged that the accused had, controlled, and possessed "certain alcoholic, spirituous, vinous, malted, and fermented liquors and alcoholic compound and malt liquors, which can be diluted and when so diluted may be used as a beverage and will produce intoxication; the same not being pure alcohol to be used for medicinal, mechanical, and scientific purposes, and not being wine to be used for sacramental purposes."   In the instruction referred to in paragraph 1 of the decision, the court, after the words "these named liquors or beverages, 'consisting of any spirituous, vinous, malt, or fermented liquors," added: "or other intoxicating liquors or beverages;" and it is alleged that this was error, because the jury were thereby authorized to convict if they found that the accused had "other intoxicating liquors or beverages" than the liquors described in the accusation; also "because under the charge of the court the jury would have been authorized to convict even though the defendant might have been in possession or control of liquors or beverages which were not intoxicating, while the accusation alleged that all the liquors he was charged with having, controlling, or possessing were such as might be used as a beverage and would produce intoxication; and it was a vital issue whether the testimony of the only witness offered by the State established the fact that the only liquor testified about by him was such as might be used as a beverage and was intoxicating."

On the trial the sole witness for the State was the sheriff,

who testified that at a "moonshine still" in a branch he "saw the defendant walking around the still from place to place, and he appeared to be in charge of it; there was a fire under the still and a charge was on;" the witness heard voices of others,. who got away, but he saw nobody but the defendant; the defendant also started out, and the witness arrested him. He further testified: "There were about 400 gallons of mash or buck there at the still. This mash or buck had reached different stages, some more advanced for stilling than others, some of it more of a mash and some the liquid had come to the top and was clear, and the substance had gone to the bottom. It was intoxicating and could be used as a beverage. They had been digging a well near the still, and when the defendant started out of the branch he had some of the mash or beer on his clothes and also some of the mud from the well. I never saw the defendant doing anything at the still except walking around there from place to place. I did not see him put anything in the still or put any fire under the still. . . We did not find anything there in the way of liquors but this mash or buck, and none of it had been stilled. I know this mash or buck was intoxicating because I had seen some that looked like the same kind tried on some hogs. I did not drink any of it. I do not know what was in it. I know that there was some meal in it. I have had experience with stills before." Witnesses for the defendant testified that the mash or buck found at the still could not be used as a beverage.

*S. F. Memory, Julian W. Walker,* for plaintiff in error.

*S. Thomas Memory, solicitor,* contra.