MacIntyre, J.
It was charged in the accusation that the defendant did <e control and possess certain spirituous, vinous, malted and fermented liquors, and alcoholic compound and malt and liquors, which can be diluted, and when so diluted may be used as a beverage and will produce intoxication; the same not being pure alcohol to be used only for medicinal, mechanical and scientific purposes and not being wine to be used for sacramental purposes.” The evidence for the State was to the effect that an officer found in the restaurant of the defendant a pitcher containing whisky and in the same room found two cases of pint bottles. So far as the record shows, there was nothing in the pint bottles, nor was there any odor indicating whether there had been anything in the bottles or not. In charging the jury the judge in effect read sections 58-101 and 58-102 of the Code of 1933, defining the offense charged. These sections in addition to the prohibited liquors charged in the accusation enumerate other prohibited liquors which were not included in the accusation. After reading these sections the judge in effect instructed the jury that the defendant would be guilty of the offense charged if found in the control or possession of any of the enumerated prohibited beverages and not guilty if not so found. Later on, the judge charged: “I give in charge that it is contended by the defendant in the ease that she did not have any whisky upon the occasion as alleged and as contended by the State; that there was no whisky in the pitcher, and that she *104 did not pour any whisky out of the pitcher, and that she had no whisky of any kind upon the occasion as alleged and could not have poured it out of the pitcher. If you should believe as contended by her in the case, or if you have reasonable doubt as to her guilt, you should acquit her.” There was not the slightest contention that the defendant had, possessed, or controlled any intoxicating liquor other than whisky, nor was there any evidence introduced that the defendant had, possessed, or controlled any prohibited liquor other than whisky and we think the jury understood that the defendant was being tried for the possession of whisky as charged in the accusation and was not being tried for the possession of any of the liquors not enumerated in the accusation. Even if we should concede that the charge was error, it seems to us it was harmless. Hall v. State, 8 Ga. App 747, 752 (70 S. E. 211).

Judgment affirmed.

Broyles, O. J., and Guerry, J., concur.