## SIMS *v.* THE STATE.

No. 16153. MAY 14, 1948.

669

*Swift Tyler* and *Marvin O'Neal Jr.*, for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Webb, Solicitor-General, William Hall,* and *Margaret Hartson,* contra.

HEAD, Justice. ■ Ground one of the amended motion for new trial assigns error on the following charge of the court: "The law says that, to warrant a conviction by circumstantial evidence alone, the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." It is contended that the charge as given was confusing, misleading, and unsound as an abstract principle of law; it was not comprehensive enough on the degree of proof required to authorize a conviction on circumstantial evidence; the evidence should be of such conclusive character as to exclude reasonable doubt; and the court did not define reasonable doubt.

The charge complained of in this ground was in almost the

exact language of the Code, § 38-109. If a more complete charge on the law of circumstantial evidence was desired, an appropriate request should have been submitted. It is not error to fail to define "reasonable doubt." *Battle* v. *State*, 103 *Ga.* 53 (29 S. E. 491); *Nash* v. *State*, 126 *Ga.* 549 (55 S. E. 405). The term "reasonable doubt" sufficiently defines itself. *Paulk* v. *State*, 148 *Ga.* 305 (2) (96 S. E. 417); *Snell* v. *State*, 179 *Ga.* 52 (2) (175 S. E. 14). The court properly charged that the jury would not be authorized to convict the defendant unless they believed him guilty "beyond a reasonable doubt," and that if the jury had a reasonable doubt as to the guilt of the defendant, it "would be your duty to give him the benefit of that doubt and acquit him." The charge complained of was not error for any reason assigned.

Ground two assigns as error the failure of the court to charge: "The evidence, to authorize a conviction, should be of such conclusive character and tendency as to exclude reasonable doubt." The charge on "reasonable doubt" was sufficient under the rules stated above, and this ground is without merit.

■ Ground 3 of the motion complains of the court's failure to instruct the jury that they might find the defendant guilty of "assault with intent to rape," should they find that such an assault had been made, and were satisfied that the evidence was insufficient to authorize a verdict finding the defendant guilty of rape. Ground 4 assigns error on the failure of the court to instruct the jury that, if they found the evidence insufficient to convict the defendant of rape, but found that the defendant had committed an assault and battery on the female, they would be authorized to convict the defendant of assault and battery.

An assault, or assault and battery, is necessarily involved in every case of rape. *Speer* v. *State*, 60 *Ga.* 381; *Goldin* v. *State*, 104 *Ga.* 549 (30 S. E. 749); *Moore* v. *State*, 151 *Ga.* 662 (108 S. E. 47). In all cases where the defendant is charged with rape, and where the evidence under any view thereof, would authorize a conviction for a lesser offense necessarily involved in the graver charge, the jury should be instructed that he may be convicted of the lesser offense. *Moore* v. *State*, supra; *Rider* v. *State*, 196 *Ga.* 776 (27 S. E. 2d, 667). Where all of the evidence shows either the completed offense of rape as charged, or no offense,

such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense. *Johnson* v. *State,* 73 *Ga.* 107; *Berry* v. *State,* 87 *Ga.* 579 (13 S. E. 690); *Harris* v. *State,* 101 *Ga.* 530 (29 S. E. 423); *Welborn* v. *State,* 116 *Ga.* 522 (42 S. E. 773); *Andrews* v. *State,* 196 *Ga.* 112 (12) (26 S. E. 2d, 263).

It is strongly insisted by counsel for the State that the evidence in this case shows rape or nothing, and that it was therefore not error for the court to fail to charge as contended. Under all of the evidence, the jury was amply authorized to find that a rape had been committed. Where all the evidence makes a case of rape, the jury would not be authorized to believe the injured female's testimony in part and disbelieve it in part. *Kelsey* v. *State,* 62 *Ga.* 558; *Moore* v. *State,* supra. The rule is different as to the defendant's statement. The jury might believe it in part, or reject it in part, or they might believe it as a whole. *Ross* v. *State,* 59 *Ga.* 249; *Hayden* v. *State,* 69 *Ga.* 732; *Tucker* v. *State,* 180 *Ga.* 88 (4) (178 S. E. 152). The same rule would apply to a confession or incriminatory statement by the defendant. It might be believed in part, or rejected in part. *Licett* v. *State,* 23 *Ga.* 57; *Cook* v. *State,* 114 *Ga.* 523 (40 S. E. 703).

It is not unreasonable to assume that the jury arrived at their verdict of guilty by connecting the evidence contained in the signed statement of the defendant, that he entered the residence of the woman and assaulted and beat her, with the woman's testimony that she had been raped, since the circumstantial evidence offered by the State to connect the defendant with the crime might not have been considered by the jury to be sufficient to exclude every reasonable hypothesis save that of his guilt. The signed statement of the defendant, introduced by the State, was an important link in the evidence to identify the defendant as the woman's assailant, but this statement, construed with the officer's statement that the defendant denied that he had raped the woman, was not sufficient to convict the defendant of rape. The statement was evidence that the defendant had committed an assault and battery, and might have raised a question of fact for the jury as to the intent of the defendant when he hit the woman and flung her on the bed.

672

Since there was evidence introduced by the State which, if believed by the jury, would have authorized them to return a verdict of guilty of a lesser crime involved in the main crime charged, the court should have charged as contended in grounds 3 and 4. *Moore* v. *State*, supra; *Rider* v. *State*, supra. The rule that, where the evidence for the State proves the crime as charged, and the defendant rests his case on the defense of alibi, the lesser grades of the offense need not be charged, is not applicable to the present case.

*Judgment reversed.   All the Justices concur.*