36855.   LINGO *v.* THE STATE.

Decided September 17, 1957.

*Neville & Neville,* for plaintiff in error.
*Walton Usher, Solicitor-General,* contra.

Townsend, J. ■ A charge as follows: "The defendant enters upon the trial of this case with the presumption of innocence in his favor, and that presumption remains with him throughout the entire trial until met and overcome with evidence that satisfies your minds and consciences of the guilt of the crime charged in the indictment beyond a reasonable doubt" is substantially in the language of Code § 38-110 and is therefore a sufficient charge on reasonable doubt. Nor is it necessary that the term "reasonable doubt" be defined in the absence of timely written request

for further instructions. *Paulk* v. *State*, 148 *Ga.* 304 (2) (96 S. E. 417); *Sims* v. *State*, 203 *Ga.* 668 (1) (47 S. E. 2d 862).

■ The trial court did not err as contended in special ground 2 in charging Code § 58-101 to the effect that prohibited liquors includes alcohol, alcoholic liquors, spirituous, foreign or domestic spirits, rectified or distilled spirits, absinthe, whisky, brandy, rum or gin, and in charging the substance of Code § 58-201 that it is unlawful for any person to possess any of the enumerated liquors, whether intended for personal use or otherwise, on the ground that the charge did not fit the allegations of the indictment to the effect that the defendant possessed "whisky, commonly called moonshine whisky." The court also charged the content of the indictment, and made it clear that the defendant "as I have told you, is charged with having, possessing and controlling moonshine whisky." Under these circumstances, the enumeration of other prohibited liquors stated in the Code does not constitute harmful error. *Shefton* v. *State*, 52 *Ga. App.* 103 (182 S. E. 528); *Ivey* v. *State*, 25 *Ga. App.* 773 (1) (105 S. E. 42).

■ As to whisky found in a locked cabin within the curtilage of the farm property on which the defendant resided, and of which he was the head of the house, it may be prima facie presumed that it was within the possession and control of the defendant. This presumption, which has been applied to whisky found within the defendant's home (*Scott* v. *State*, 57 *Ga. App.* 489, 195 S. E. 923) and within his place of business (*Dardarian* v. *State*, 55 *Ga. App.* 286, 190 S. E. 48), is but a rule of circumstantial evidence, and should be applied more cautiously when the whisky is located in outbuildings to which there may be more freedom of access on the part of others, but, whether in the house or in another building on the premises, the same question is presented. If it appears that others than the defendant had equal means of storing the whisky, the presumption, which is one of fact only, ceases to exist. Here it appears that there was in the cabin a permanent installation consisting of a whisky still and barrels of mash in various stages of fermentation, and that the only means of access to the cabin was by a road which passed by the defendant's house, and that the cabin lay just across the lake from the front of the house. These circumstances

382

suggest that no other person could have used the location without knowledge on the part of the defendant. An additional circumstance against the defendant is his offer under certain conditions to plead guilty to a crime growing out of this transaction. His own statement, to the effect that his son was in control of the cabin and he knew nothing of its contents, was not supported by any evidence and the jury had a right to disbelieve it in its entirety. If they did so, the evidence, although circumstantial, was sufficient to sustain the conviction. The general grounds are without merit.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*