## 38806.   CROCKER v. THE STATE.

FRANKUM, Judge.   James Crocker was convicted under an indictment charging him and Isaac Crocker with unlawfully having, controlling and possessing intoxicating liquors, alcoholic, fermented and intoxicating beverages.   He filed a motion for a new trial on the usual general grounds, which motion was overruled.   He assigns as error the denial of his motion for a new trial.

The brief of evidence is as follows: "Melvin Rutledge, revenue agent for the State of Georgia testified as follows: Sheriff Mitchell, Wayne Gordy and myself walked up on this still. We found Isaac Crocker and James Crocker, defendant, at this still.   The still looked as if a run had just been made. Issac Crocker ran and I apprehended him.   James Crocker attempted to run and Sheriff Mitchell and Mr. Gordy apprehended him.   No whisky was found at the still.   We found four barrels of mash or beer that was fermented and was intoxicating, and was tasted by me.   I talked to defendant, James Crocker, and he freely and voluntarily told me that he brought water in his (defendant's) truck to make mash. That is all he told me.   R. L. Mitchell, Sheriff of Stewart County, testified as follows: Mr. Rutledge, Mr. Gordy and myself went to a still.   We found Isaac Crocker and defendant, James Crocker there.   Isaac Crocker ran and Mr. Rutledge caught him.   James Crocker, defendant, was down at the trough of the still.   He was doing nothing.   He did not run, but got up and turned away.   I told him not to run.   He said there was no need to run when caught or something to that effect.   We found several gallons of fermented mash there and in my opinion it was intoxicating.   We also found new mash or unfermented mash.   We also found water in

defendant's truck. No whisky was found at the still. I talked to the defendant and he told me that he brought the water down to the still to make mash. That is all he told me. There is but one road, a field road to the still and it goes by the defendant's house. Isaac Crocker, codefendant, testified as follows: All the mash was mixed and made by him, and that he claimed the mash. That the mash was his. That he bought the ingredients in the mash. That the ingredients were paid for by him. That he had entered a plea of guilty to possessing the same fermented intoxicating beer. That the still, the beer and everything else at the still belonged to him, except the truck and it belonged to defendant. That he had borrowed the truck from defendant and defendant had come after the truck. That he, Isaac Crocker drove the truck there. The still was about one mile from the house of the defendant and about three and one-half miles from the house of Isaac Crocker. The still was not on land owned or rented by the defendant or Isaac Crocker. The still was in Stewart County. Defendant stated that he did not tell the officers what they said he said, and that he did not run." *Held:*

All who aid, abet or assist in the commission of a misdemeanor are principal offenders. In passing upon this case, we are required to take that view of the evidence which is most unfavorable to the defendant, for every presumption and every inference is in favor of the verdict rendered by the jury. The evidence supports the verdict. *Lingo v. State,* 96 Ga. App. 379 (100 S. E. 2d 116); *Johnson v. State,* 79 Ga. App. 210 (53 S. E. 2d 498); *Scott v. State,* 55 Ga. App. 688 (191 S. E. 177); *Davis v. State,* 44 Ga. App. 273 (161 S. E. 270).

*Judgment affirmed. All the Judges concur, except Felton, C. J., Townsend, P. J., Bell and Eberhardt, JJ., who dissent.*

DECIDED APRIL 14, 1961—REHEARING DENIED JUNE 16, 1961.

*Carlton S. Brown,* for plaintiff in error.
*Stephen Pace, Jr., Solicitor-General,* contra.

TOWNSEND, Presiding Judge, dissenting. "The established fundamental rules applicable to circumstantial evidence are the same in civil as in criminal trials. In both cases it is required that the circumstances relied upon be not only consistent with

the conclusion sought to be established, but also inconsistent with every other reasonable hypothesis." *Georgia Ry. &c. Co. v. Harris*, 1 Ga. App. 714, 717 (57 S. E. 1076). As Judge Powell there pointed out, where the conclusion rests upon inferences only, these inferences, to amount to any evidence, must not only reasonably support the conclusion sought but render less probable all inconsistent conclusions.

The present conviction rests upon circumstantial evidence only. The test, then, is whether the testimony of the two arresting officers as to the defendant's presence, his putative attempt to flee, and his incriminating statements, coupled with the testimony of his witness that the witness borrowed the defendant's truck with the water on it and the defendant only came down to repossess the truck, plus the defendant's statement, made a case against the defendant for possession of the fermented mash found at the still consistent with his guilt and also rendering less probable the inconsistent inference that he was innocent.

The evidence shows that no whisky was found at the still. Whether or not the defendant hauled the water which was on the truck, this water had not been used in making mash, and the most adverse inference which can be placed on it is that it showed the guilt of the defendant of an attempt to make whisky, a different crime from that for which he was convicted. The officers found both fermented mash and new or unfermented mash at the site. One of them testified the defendant told him he brought water in his truck to make mash, the other that he said he brought "the water" down to the still to make mash. This appears to refer to water still on the truck; however, in view of the statement of the witness who insisted that he alone was guilty and had merely borrowed the defendant's truck which the defendant had come to the still to get, the jury could have understood that the defendant had brought water on previous occasions. He might, then, have brought water to make the old mash, which was fermented, or the new mash which was unfermented, but one inference is no more probable than the other. The evidence as to flight was contradicted by one of the State's witnesses, but in any event flight alone will not authorize a conviction. *Seay v. State*, 63 Ga. App. 286 (11 S. E.

2d 54). The testimony of the witnesses, taken together, is no more consistent with his guilt of possessing the fermented mash than with his innocence of that possession, the only possession upon which a conviction could be predicated. There was, accordingly, no direct evidence of guilt, and the circumstantial evidence offered was insufficient for its purpose.

I am authorized to say that Felton, C. J., Bell and Eberhardt, JJ., concur in this dissent.