## 66205. TERRY v. THE STATE.

Q<small>UILLIAN</small>, Presiding Judge.

Tried for rape, defendant appeals his conviction of aggravated assault with intent to commit rape. *Held:*

The sole enumeration asserts that the trial court erred in charging on the lesser offense of aggravated assault with intent to commit rape.

The victim testified that the defendant had sexual intercourse with her against her will, after defendant slapped her in the face and displayed a knife. Defendant admitted the intercourse but denied using or offering to use any force or violence.

An assault is either an attempt to commit a violent injury to another or committing an act which places another in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20 (Code Ann. § 26-1301). An assault is necessarily included in every battery. *Tuggle v. State,* 145 Ga. App. 603 (1) (244 SE2d 131). Any assault with the intent to commit rape is an aggravated assault. OCGA § 16-5-21 (Code Ann. § 26-1302).

"An assault, or assault and battery, is necessarily involved in every case of rape. [Cit.] In all cases where the defendant is charged with rape, and where the evidence under any view thereof, would authorize a conviction for a lesser offense necessarily involved in the graver charge, the jury should be instructed that he may be convicted of the lesser offense. [Cits.] Where all of the evidence shows either the completed offense as charged, or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense." *Sims v. State,* 203 Ga. 668 (2), 670 (47 SE2d 862).

"Under the provisions of Code Ann. §§ 26-1302 and 26-1303 [now OCGA §§ 16-5-21 and 16-5-22], the conviction of aggravated assault . . . was a legal conviction . . . upon an indictment for rape." *Jones v. Smith,* 228 Ga. 648 (1) (187 SE2d 298).

Since the evidence does not show either rape or no offense, the trial court did not err in charging on aggravated assault with intent to commit rape. As the jury could find that the victim consented to the intercourse, after being assaulted by defendant, the evidence was sufficient to authorize a finding that the assault was with the intent to commit rape. Compare, *Hardy v. State,* 159 Ga. App. 854, 859 (285 SE2d 547).

Defendant also argues that the charge on aggravated assault with intent to commit rape tended to confuse the jury because there was evidence that after the intercourse and while defendant was taking the victim home, he threatened her with a knife, an offense not charged. We find no merit in this argument as defendant did not raise it at trial and our examination of the charge given does not indicate any reasonable possibility of any such confusion.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 13, 1983.

*David E. Perry,* for appellant.
*Thomas H. Pittman, District Attorney, Robert C. Wilmot, Assistant District Attorney,* for appellee.