A90A2282. BURDETTE v. THE STATE.
(399 SE2d 745)

McMurray, Presiding Judge.

Via a two-count indictment, defendant was accused of rape and aggravated sodomy. He was convicted of aggravated assault with intent to commit rape and aggravated sodomy and sentenced to serve 20 years (concurrently) for each offense. Following the denial of his motion for a new trial, defendant appeals. *Held:*

1. In his first enumeration of error, defendant contends the trial court erred in charging the jury on the lesser included offense of aggravated assault with intent to commit rape. This contention is without merit. Since the charge was given pursuant to defendant's request, he cannot complain. *Wright v. State,* 162 Ga. App. 60 (290 SE2d 163). Besides, the charge was a correct statement of the law and was applicable to the facts of this case. *Terry v. State,* 166 Ga. App. 632 (305 SE2d 170).

We decline defendant's invitation to overrule *Terry v. State,*

supra, wherein this Court held: "As the jury could find that the victim consented to the intercourse, after being assaulted by defendant, the evidence was sufficient to authorize a finding that the assault was with the intent to commit rape." Id. at 633. In our view, the holding in *Terry* is logical and it remains good law.

2. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of the offenses of aggravated assault with intent to commit rape and aggravated sodomy beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. The trial court did not err in permitting the arresting officer to testify that a small quantity of marijuana was found on defendant's person at the time of his arrest. Articles found in a defendant's possession at the time of his arrest "are admissible as circumstances connected with the arrest. *Hale v. State*, 159 Ga. App. 563 (284 SE2d 68)." *Sweat v. State*, 172 Ga. App. 712, 714 (4) (324 SE2d 561). The mere fact that the evidence may have incidentally implicated defendant in the commission of an unrelated crime does not render the evidence inadmissible. *Ashley v. State*, 160 Ga. App. 325 (2) (287 SE2d 321).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1990.

*Darel C. Mitchell, John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.