## A94A0143. QUINN v. THE STATE.
### (444 SE2d 132)

COOPER, Judge.

Defendant was convicted by a jury of rape, kidnapping and battery. His motion for new trial was denied and a motion for out-of-time appeal was granted. He appeals from the judgment of conviction and sentence entered on the jury verdict, raising as his sole enumeration of error the sufficiency of the evidence.

The evidence reflects that the victim and defendant were married and had been separated for about one week at the time of the incident. Defendant wanted to reconcile with the victim, but the victim planned to file for divorce. When the victim left work one night, defendant approached her from behind as she walked to her car. Defendant grabbed the victim around the waist, placed a scarf over her mouth and threatened to kill her if she did not cooperate. Defendant forced the victim into his truck and drove around while expressing his desire to reconcile. Defendant struck the victim several times before taking her to the apartment where defendant and the victim lived before their separation. Once they were inside, the victim went to the bathroom, and when she came out, defendant kicked her in the face. Defendant made the victim call her parents and tell them she would not be home. Defendant then had sex with the victim against her will. Defendant allowed the victim to go to sleep but woke her up in the middle of the night after becoming upset about a telephone number he found in her purse. Defendant began hitting the victim in the head but finally calmed down and let the victim go to sleep again. The next day the victim convinced defendant that she was hungry, and defendant took her to a fast food restaurant where the victim was eventually able to escape from appellant. The victim's face was noticeably bruised, and the physician who examined the victim testified that the bruises were caused by more than one blow. Defendant admitted hitting and kicking the victim and having sex with her but stated that the sex was initiated by the victim.

Viewing the evidence in the light most favorable to the verdict, there was evidence from which the jury could conclude that the victim was forced to go with defendant against her will, that defendant hit and kicked the victim several times causing facial bruises and that the victim had sex with defendant because she was afraid that he would hurt her or kill her. Contrary to appellant's argument, we conclude this evidence was sufficient for a rational trier of fact to find defendant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 10, 1994.

*Bates, Kelehear, Starr & Toland, Harlan M. Starr,* for appellant.
*Jack O. Partain III,* District Attorney, *Melvin E. Hyde, Jr.,* Assistant District Attorney, for appellee.