A99A0473. HILLERY v. THE STATE.
(513 SE2d 527)

ANDREWS, Judge.

After being indicted and tried for rape, Nicholas D. Hillery was found guilty by a jury of aggravated assault with intent to rape.

1. Hillery claims that all the evidence showed either the completed offense of rape or no offense, and therefore the trial court erred by charging the jury that it was authorized to consider whether he was guilty of the lesser included offense of aggravated assault with intent to rape.

"An indictment for rape necessarily includes the lesser offenses of assault with intent to rape and assault and battery." *Andrews v. State*, 196 Ga. 84, 112 (26 SE2d 263) (1943). "[However,] [w]here all of the evidence shows either the completed offense of rape as charged, or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not

charge on the lesser grades of the offense." *Sims v. State*, 203 Ga. 668, 670-671 (47 SE2d 862) (1948).

There was no error in the present case because the evidence authorized the charge. The victim testified that she was "kind of pushing and fighting" with Hillery as he tried to kiss her against her will, although she said "it wasn't anything rough or nothing." She said that she fell back onto the couch, that Hillery forcefully pulled down her pants against her will as she was trying to keep him off of her, and then he raped her. Although Hillery did not testify at the trial, a statement he gave to the police was admitted into evidence. In the statement, Hillery denied raping or having sex with the victim, but he admitted that he tried to kiss the victim but she would not let him. He further stated that they were just "playing" and explained "playing" to mean that "we wrestle and stuff like that[,] maybe wrestle or something like that . . . we fussed."

Hillery's statement in conjunction with the testimony of the victim provided evidence that Hillery assaulted the victim with intent to rape. *Sims*, 203 Ga. at 670-671; *Terry v. State*, 166 Ga. App. 632 (305 SE2d 170) (1983). Accordingly, the trial court did not err in charging the jury as to the lesser included offense of assault with intent to rape.

2. The evidence was sufficient for a rational trier of fact to conclude that Hillery was guilty beyond a reasonable doubt of the offense of aggravated assault with intent to rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MARCH 8, 1999.

*Craig S. Mathis*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.