S02A0069. HALE v. THE STATE.

(561 SE2d 70)

HUNSTEIN, Justice.

Appellant Daniel Hale was convicted of murder and possession of a firearm by a convicted felon arising out of the murder of Charles Crowe and sentenced to life in prison.[1] He contends that his trial counsel was ineffective and that the trial court erred by not charging the jury on voluntary manslaughter. Finding no reversible error, we affirm.

1. The jury was authorized to find that on the morning of the murder the victim repossessed appellant's car and took it to Atlanta Locators. Appellant went to Atlanta Locators and asked to retrieve his belongings from the car. The owner of Atlanta Locators asked the victim to watch appellant remove his belongings. After appellant carried items from his car and placed them in another vehicle, he retrieved a gun and fatally shot the victim twice in the back of the

---

[1] The crimes occurred on December 17, 1999. Hale was indicted by the DeKalb County grand jury on April 27, 2000 for malice murder, two counts of felony murder and possession of a firearm during the commission of a crime. After a jury trial on June 20-23, 2000, he was found guilty on all counts. Hale was sentenced as a recidivist to life without parole on the malice murder count and a consecutive five year sentence on the possession of a firearm count. The trial court vacated the two felony murder convictions by operation of law. OCGA § 16-1-7. Hale filed a motion for new trial on July 14, 2000 and an amended motion for new trial on August 1, 2001. The amended motion for new trial was denied on August 14, 2001. A notice of appeal was filed on September 10, 2001, the appeal was docketed in this Court on September 27, 2001 and submitted for decision on the briefs.

head and once in the shoulder. Appellant contended at trial that he shot the victim because he believed the victim was about to assault him.

Reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found appellant guilty of each crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erroneously denied his motion for new trial on ineffective assistance grounds. We disagree. To prove ineffective assistance of counsel, appellant must establish that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the defense that there is a reasonable likelihood that absent counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Allen v. State*, 271 Ga. 502 (2) (521 SE2d 190) (1999).

Trial counsel was retained by appellant and testified at the motion for new trial hearing that he met with appellant numerous times to discuss trial strategy and possible defenses and met with appellant's family for the same reason. Although counsel knew that appellant suffered from a heart condition and diabetes, he testified that he saw no reason to question appellant's mental condition. Moreover, we find the record presents no evidence that counsel had information which should have raised doubt in his mind regarding appellant's competency to stand trial or indicated that appellant may have lacked the mental capacity to commit the crimes. Appellant's own expert testified that she found no evidence that appellant was incompetent at the time of his trial and that her evaluation of appellant and his testimony at trial show that he knew the difference between right and wrong at the time of the shooting. Appellant has thus failed to show that counsel's performance was deficient or a substantial likelihood that a psychiatric evaluation would have had any effect on the outcome of the trial. See *Barber v. State*, 236 Ga. App. 294 (4) (512 SE2d 48) (1999).

3. The trial court did not err in denying appellant's request to charge the jury on voluntary manslaughter. A charge of voluntary manslaughter is required if "there [is] any evidence, however slight, to support a finding by the jury that the elements of the offense had been proved." (Footnote omitted.) *Holsey v. State*, 271 Ga. 856, 863 (10) (524 SE2d 473) (1999). Appellant testified that he shot the victim because he feared the victim was about to attack him with a screwdriver and the trial court properly charged the jury regarding self-defense. There was no evidence that appellant shot the victim as the result of passion arising from a serious provocation. Nor was there any evidence that appellant was "so influenced and excited that

he reacted passionately rather than simply in an attempt to defend himself." (Footnote omitted.) *Worthem v. State*, 270 Ga. 469, 471 (509 SE2d 922) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 2002.

*Robert J. Storms*, for appellant.

*J. Tom Morgan*, District Attorney, *Barbara B. Conroy*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Ruth M. Bebko*, Assistant Attorney General, for appellee.