## A02A1779. JACKSON v. THE STATE.
(572 SE2d 360)

MILLER, Judge.

Charles Jackson was indicted for rape and simple battery arising out of an alleged sexual assault of a woman. He was convicted of aggravated assault with intent to rape. He appeals, claiming that the evidence did not sustain the verdict and that the court erred in instructing the jury on the lesser charge of aggravated assault with intent to rape. Since the evidence showed that he struck the victim and may not have completed the rape, the evidence justified the charge on the lesser included offense and sustained the verdict. Accordingly, we affirm.

1. When considering a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Jackson was convicted of aggravated assault with intent to rape. "The essential elements of the crime . . . are: (1) An assault (as defined in [OCGA § 16-5-20]) on the victim; and (2) aggravation of that assault by an intention of rape." (Citations and punctuation omitted.) *Lester v. State*, 173 Ga. App. 300, 302 (3) (325 SE2d 912) (1985); see OCGA § 16-5-21 (a) (1). OCGA § 16-5-20 (a) defines assault as an attempt to commit a violent injury to the victim or com-

mitting acts that place the victim in reasonable apprehension of immediately receiving a violent injury.

The evidence showed that when the victim pulled down her clothes to urinate behind an unoccupied house, Jackson pushed her down and, threatening her with violence, attempted to rape her. The victim protested vigorously, screaming for help. Jackson repeatedly struck her in the face to subdue her. People nearby came to her rescue and pulled him away from her. Some testimony indicated that prior to the rescue, penetration occurred, while other testimony indicated it may not have occurred. Medical testimony revealed that the victim had a swollen face but bore no signs of vaginal trauma. Jackson's semen was not found in the victim.

The evidence showing that Jackson threatened and struck the victim, combined with the evidence showing that he unsuccessfully tried to rape her, sufficed to sustain the conviction for aggravated assault with intent to rape. See *Hillery v. State*, 236 Ga. App. 819, 820 (2) (513 SE2d 527) (1999); see also *Rider v. State*, 196 Ga. 767, 776 (3) (27 SE2d 667) (1943) (" 'a conviction of assault with intent to rape . . . may be had on an indictment for rape where the act was attempted but not completed ([cits.]) . . .' "). Jackson's argument that the evidence also showed the lesser crime of attempted rape is of no consequence.

2. Jackson contends that the court erred in charging the jury, at the request of the State, on the lesser offense of aggravated assault with intent to commit rape. Jackson argues that the indictment for rape and simple battery did not put him on notice of the lesser charge.

"An indictment for rape necessarily includes the lesser offenses of assault with intent to rape and assault and battery. And where the evidence shows the lesser offense, it is proper to charge on the lesser offense." (Citations omitted.) *Andrews v. State*, 196 Ga. 84, 112 (12) (26 SE2d 263) (1943); accord *Sims v. State*, 203 Ga. 668, 670 (2) (47 SE2d 862) (1948); *Terry v. State*, 166 Ga. App. 632 (305 SE2d 170) (1983); see *Hillery*, supra, 236 Ga. App. at 819 (1). Indeed, when properly requested, "it is the *duty* of the judge to instruct the jury . . ." on the lesser offense where there is evidence of such. (Emphasis supplied.) *Moore v. State*, 151 Ga. 648, 662 (5) (108 SE 47) (1921). Since (as discussed in Division 1 above) the evidence showed the lesser offense of aggravated assault with the intent to rape, the trial court did not err in charging the jury on same. *Hillery*, supra, 236 Ga. App. at 820 (1).

Jackson's argument that he was not on notice of the lesser charge is without merit. First, the charge was a lesser included offense of the rape charge contained in the indictment. *Andrews*, supra, 196 Ga. at 112 (12). Indeed, "[o]n an indictment for rape the

defendant can be convicted of the offense of an assault with intent to rape, although the indictment does not contain an allegation of an assault." *Harris v. State*, 21 Ga. App. 75 (1) (94 SE 75) (1917). Second, the indictment here charged Jackson with the separate offense of simple battery arising out of the same incident, which combined with the rape charge put Jackson on notice of the assault charge in any case.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 9, 2002 —

*Jackson & Schiavone, Steven L. Sparger*, for appellant.

*Spencer Lawton, Jr., District Attorney, Nancy G. Smith, Assistant District Attorney*, for appellee.