## S03A0454. DANIELS v. THE STATE.
(580 SE2d 221)

THOMPSON, Justice.

A jury found Johnny Daniels guilty of felony murder in connection with the fatal stabbing of Antonio Lindsay. Daniels appeals his conviction asserting, inter alia, the trial court erred in excluding evidence that the victim had cocaine in his system at the time of death. We find no error and affirm.[1]

---

[20] See OCGA § 5-6-41.

[21] *Quarterman v. Edwards*, 169 Ga. App. 300, 301 (312 SE2d 643) (1983).

[1] The crimes occurred on June 15, 1998. On February 5, 1999, the Fulton County grand jury indicted Daniels for malice murder, felony murder, and aggravated assault. A jury trial was held May 30-June 2, 2000, and Daniels was found guilty of felony murder and aggra-

The police were summoned to the apartment of Jewel Williams. Upon arriving, they found Antonio Lindsay lying dead on the floor of Williams' apartment. Lindsay had a total of eight stab wounds on his arms, legs, back, and chest.

Williams and Daniels had been in a romantic relationship. Thereafter, Williams entered into a relationship with Lindsay. Williams told Daniels that she no longer wanted to see him. That evening, Williams, her roommate, and Lindsay were all at Williams' apartment drinking and using drugs. Daniels arrived at the apartment and entered Williams' room.

Daniels and Williams started arguing and Daniels became abusive. Lindsay tried to escort Daniels out of the apartment. They left Williams' room and walked down a hallway. Suddenly, Daniels stabbed and killed Lindsay; then he walked out of the apartment, closing the door behind him.

Shortly thereafter, a witness observed blood on Daniels' clothing. Daniels told the witness that he killed a man, and that he would be leaving the state. Daniels ultimately was arrested in Mississippi.

1. The evidence was sufficient for a rational jury to find Daniels guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Thus, the denial of Daniels' motion for a new trial on the general grounds will not be disturbed. *Stansell v. State*, 270 Ga. 147, 148 (1) (510 SE2d 292) (1998).

2. Daniels argues that the trial court erroneously granted the State's motion to exclude evidence that Lindsay had cocaine in his system at the time of the murder. He claims the jury should have been allowed to consider such evidence because it would have had a bearing on his claim of self-defense. However, such evidence is only relevant and admissible if the defendant can prove with some degree of certainty that the drugs caused the victim to be violent. *Robinson v. State*, 272 Ga. 131, 133 (3) (527 SE2d 845) (2000). Daniels failed to provide any evidence to support such a claim.

3. Arguing that the State exercised a pattern of racially discriminatory strikes by using all of its peremptory strikes against African-American jurors, Daniels asserts the trial court erred when it denied his *Batson*[2] challenge. We disagree.

A *Batson* claim requires our courts to undertake a three-step

---

vated assault; he was found not guilty of malice murder. On June 7, 2000, Daniels was sentenced to life imprisonment for felony murder. The felony murder and aggravated assault convictions were merged for sentencing purposes. Daniels timely filed a motion for new trial which was denied on October 6, 2002. A notice of appeal was filed on October 23, 2002. The case was docketed in this Court on December 3, 2002, and submitted for decision on the briefs on January 27, 2003.

[2] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

procedure in which (1) the opponent of the strike must make a prima facie showing of racial discrimination; (2) the proponent of the strike must provide a race-neutral reason for the strike; and (3) the court determines whether the strike was exercised with discriminatory intent. *Thomas v. State*, 274 Ga. 156, 161 (5) (549 SE2d 359) (2001).

Daniels made a prima facie case of racial discrimination by establishing that the State struck a disproportionate number of African-Americans from the jury panel. However, that is all Daniels established. The State provided race-neutral reasons for each of the strikes. Each of the jurors that were struck said that they had close friends or family members whom the State either mistreated or falsely accused of crimes. See *Livingston v. State*, 271 Ga. 714, 718 (2) (524 SE2d 222) (1999) (striking juror because she had relatives who had a bad experience with the law does not show inherent discriminatory intent). Inasmuch as Daniels did not make a counter-showing, it cannot be said that he carried his burden of proving purposeful discrimination. *Foster v. State*, 272 Ga. 69, 71 (5) (525 SE2d 78) (2000); *Williams v. State*, 271 Ga. 323, 324 (2) (519 SE2d 232) (1999).

4. The trial court did not abuse its discretion in admitting photographs of the victim in life. *Garcia v. State*, 267 Ga. 257 (2) (477 SE2d 112) (1996); *Norton v. State*, 263 Ga. 448, 450 (6) (435 SE2d 30) (1993).

5. It was not error for the trial court to permit a witness to testify that he heard Daniels and Williams arguing the day before Lindsay was killed. Since Daniels, Williams, and Lindsay were involved in a romantic triangle, the argument between Daniels and Williams was relevant and admissible to show Daniels' motive, intent, or bent of mind in attacking Lindsay. *Boone v. State*, 234 Ga. App. 373 (1) (506 SE2d 884) (1998).

6. A prosecutor is entitled to argue all reasonable inferences stemming from the evidence adduced at trial. *Simmons v. State*, 266 Ga. 223, 228 (466 SE2d 205) (1996). Thus, it cannot be said that the assistant district attorney injected new evidence during closing argument when she theorized — on the basis of the forensic evidence — as to the manner in which Daniels stabbed Lindsay. *Morgan v. State*, 267 Ga. 203 (476 SE2d 747) (1996).

7. The trial court did not err in refusing to charge the jury on voluntary manslaughter. Daniels' evidence only showed that he was attempting to defend himself; it did not demonstrate that he had been seriously provoked by Lindsay and that he reacted passionately. *Hale v. State*, 274 Ga. 863, 864 (3) (561 SE2d 70) (2002).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2003 —
RECONSIDERATION DENIED JUNE 2, 2003.

*Dwight L. Thomas, Caprice R. Jenerson,* for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General,* for appellee.