A04A1726. WALKER v. THE STATE.
(607 SE2d 912)

JOHNSON, Presiding Judge.

Volanta Walker was indicted for rape. He was tried before a jury, which found him guilty of the charge. The trial court imposed a twenty-year sentence, ordering Walker to serve thirteen years in confinement and seven years on probation. Walker appeals, arguing that there is insufficient evidence to support the conviction and that the trial court erred in denying his challenge to the state's striking of two African-American jurors. The arguments are without merit, and we thus affirm Walker's conviction.

1. On appeal from a criminal conviction, this court views the evidence in the light most favorable to the jury's verdict, and the appellant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine the credibility of witnesses, but decide only if there is sufficient evidence from which a rational trier of fact could have found the accused guilty beyond a reasonable doubt.[2]

Viewed in favor of the verdict, the evidence in the instant case shows that the victim and Walker had a relationship for several years and had a child together. After the victim attempted to end their romantic relationship, Walker twice assaulted the victim by hitting, biting and threatening to kill her.

A week after the second incidence of physical abuse, Walker came to the victim's home and began banging on the window and door. The victim allowed Walker to come into the house. According to the victim's testimony, Walker took her upstairs, pushed her to the floor, punched her and hit her face with a telephone. He threw her onto the bed and said that since she was having sex with someone else then he was going to have sex with her, too. She told him no, but Walker unbuttoned her pants and forced his penis into her vagina. Before leaving the victim's home, Walker threatened to kill the victim and her family if she took out a warrant against him.

After Walker left, the victim called her mother and the police. She was taken to a hospital where she was examined. The doctor who examined the victim testified that she had a bloodied eye, bruising under the eye, a swollen nose and lacerations to her neck. He took vaginal cervical smears and swabs of the victim, and later testing by the Georgia Bureau of Investigation revealed the presence of semen on the smears and Walker's DNA on the swabs.

A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will.[3] Carnal knowledge occurs when there is penetration of the female sex organ by the male sex organ.[4] Having reviewed the evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence from which the jury could have found beyond a reasonable doubt that Walker inserted his penis into the victim's vagina forcibly and against her will, and that he is thus guilty of the offense of rape.[5]

2. Walker contends that the trial court erred in rejecting his

---

[1] *Jackson v. State*, 257 Ga. App. 817 (1) (572 SE2d 360) (2002).

[2] Id.

[3] OCGA § 16-6-1 (a) (1).

[4] OCGA § 16-6-1 (a).

[5] See *Quinn v. State*, 213 Ga. App. 185, 186 (444 SE2d 132) (1994).

claim that the state had violated *Batson v. Kentucky*[6] in using peremptory strikes against two African-American prospective jurors. "A *Batson* claim requires our courts to undertake a three-step procedure in which (1) the opponent of the strike must make a prima facie showing of racial discrimination; (2) the proponent of the strike must provide a race-neutral reason for the strike; and (3) the court determines whether the strike was exercised with discriminatory intent."[7]

Here, the trial court found that Walker had not made out a prima facie showing of racial discrimination, but it nevertheless allowed the state to give its reasons for striking the two prospective jurors. "Pretermitting the propriety of the trial court's ruling on the existence of a prima facie case, we find no error in the trial court's determination that the explanations articulated by the State were sufficient to rebut a prima facie case of discrimination under *Batson*."[8]

As to the first dismissed juror challenged by Walker, the state gave the race-neutral explanation that it struck him because he had previously been falsely accused of rape.[9] As to the second dismissed juror challenged by Walker, the state explained that it struck him in order to reach another juror — an African-American woman who was ultimately seated as one of the alternate jurors.

"[A]lthough striking a particular juror in order to get to other jurors further down the list appears to be a race-neutral explanation, only in the context of application can we determine whether such an explanation is in fact racially-neutral."[10] Here, neither party has indicated in its appellate brief precisely how many African-Americans the state accepted as jurors or how many African-Americans were actually seated on the jury. The only context we can find from the record indicates that the state accepted at least four African-Americans whom the defense then struck, that the number of African-American women ultimately seated on the jury outnumbered the number of men on the jury, and that the state struck the African-American juror in question in order to reach another African-American. In that context, we find that the state's explanation that it exercised the strike in order to reach another juror was race-neutral.

Inasmuch as Walker did not make any counter-showing to the state's race-neutral explanations, he did not carry his burden of

---

[6] 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[7] *Daniels v. State*, 276 Ga. 632, 633-634 (3) (580 SE2d 221) (2003).

[8] *Jenkins v. State*, 269 Ga. 282, 290 (11) (498 SE2d 502) (1998).

[9] *Daniels*, supra at 634 (3); *Darnell v. State*, 257 Ga. App. 555, 557 (4) (571 SE2d 547) (2002).

[10] (Citation and punctuation omitted.) *Evans v. State*, 217 Ga. App. 589 (1) (458 SE2d 665) (1995).

proving purposeful discrimination.[11] Accordingly, the trial court committed no error in denying the *Batson* challenge raised by Walker.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 2, 2004.

*Thomas S. Robinson III*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.