## A09A0227. CUBIA v. THE STATE.
### (681 SE2d 195)

BERNES, Judge.

Following a trial by jury, Angelo Cubia was convicted of aggravated assault with intent to rape.[1] On appeal from the denial of his motion for new trial, Cubia contends that (1) the evidence was insufficient to sustain his conviction; (2) the trial court erred in failing to merge the aggravated assault and attempted rape charges prior to trial; (3) the trial court erred in refusing to apply the rule of lenity; and (4) the prosecutor improperly injected Cubia's character into evidence during closing argument. We discern no error and affirm.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence. *Jackson v. State*, 257 Ga. App. 817 (1) (572 SE2d 360) (2002). "We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt." (Citation omitted.) Id. See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on the night of the attack, the victim, a pregnant drug addict, drove to a neighborhood in search of crack cocaine. During her search, the victim encountered Cubia who agreed to help her procure the cocaine. The victim gave Cubia $10 to buy the drugs. Cubia directed the victim to two locations where cocaine could purportedly be purchased. After Cubia was unable to procure the drugs at the second location, he decided to keep the money for himself and started to sneak away from the victim. When the victim realized what was afoot, she confronted Cubia and demanded that he return her money.

Cubia refused and instead demanded that she give him sexual favors in exchange for the help he had given her. The victim rejected Cubia's sexual advances, and snatched her money out of Cubia's

---

[1] Although the jury also found Cubia guilty of attempted rape, the trial court merged this count into the aggravated assault count during sentencing.

hand. When the victim tried to run away, Cubia tackled her and knocked her to the ground. The victim tussled with Cubia and screamed for help. Cubia repeatedly hit the victim on her head and also bit her on her face and forearm. Cubia then dragged the screaming victim underneath the porch of a nearby residence. He continued to demand sex and detached the victim's belt and unbuttoned her pants. Cubia also fumbled with his own belt buckle in efforts to undo his pants.

A nearby resident was awakened by the victim's cries for help. As the resident listened closely, he overhead the victim yelling, "no, get off of me, help me, quit" and Cubia angrily yelling back, "quit moving around . . . get your pants down." The resident called 911 and reported the ongoing attack. While speaking to the 911 operator, the resident observed Cubia and the victim tussling under the porch of the neighboring house.

An officer quickly responded to the scene and heard the victim screaming for help. When the officer looked under the porch, he observed Cubia lying on top of the victim and trying to pull down his pants. The officer displayed his taser and instructed Cubia to get off of the victim. The officer then forcibly removed Cubia from underneath the porch and placed him under arrest. The victim had sustained visible injuries to her head, face, eyes, lips, arms, and back during the attack. She was taken to a hospital for examination and treatment.

· Based upon this evidence, the jury was authorized to find Cubia guilty of aggravated assault with intent to rape. See OCGA § 16-5-21 (a) (1); *Tarver v. State*, 280 Ga. App. 89, 90-91 (1) (633 SE2d 415) (2006); *Jackson*, 257 Ga. App. at 817-818 (1); *Gordon v. State*, 244 Ga. App. 265, 265-267 (1) (535 SE2d 289) (2000); *Middlebrooks v. State*, 156 Ga. App. 319, 319-320 (1) (274 SE2d 643) (1980). Although Cubia claimed that he only wanted the victim's money and denied having had the intent to have sex with her, the jury was authorized to reject his claim in favor of other evidence establishing that Cubia intended to have sex with the victim forcibly and against her will. See OCGA § 16-6-1.

The jury was likewise authorized to reject Cubia's challenge to the victim's credibility.

> Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are [within] the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.

(Punctuation and footnotes omitted.) *Tarver*, 280 Ga. App. at 90 (1). See also *Moore v. State*, 219 Ga. App. 818, 819 (467 SE2d 5) (1996). In this case, overwhelming evidence supported the jury's verdict.[2]

Cubia nevertheless argues that his conviction should be reversed because the evidence failed to exclude every other reasonable hypothesis except that of his guilt. His reliance upon the reasonable hypothesis rule, set forth in OCGA § 24-4-6, is misplaced, as this rule applies only when the evidence is entirely circumstantial. See *Mack v. State*, 294 Ga. App. 518, 519 (669 SE2d 487) (2008). The record here is replete with witnesses who gave direct evidence establishing Cubia's guilt of the charged offense — i.e., the victim, who testified to the particulars of the attack; the resident, who witnessed the attack; the responding officer, who caught Cubia in the act; and Cubia himself, who gave pertinent admissions relating to the offense. Accordingly, OCGA § 24-4-6 is inapplicable. See id.; *Tarver*, 280 Ga. App. at 91 (1).

2. Next, Cubia contends that the trial court erred in failing to merge his aggravated assault and attempted rape charges prior to trial. His contention is without merit.

While it is true that a defendant may not be convicted of more than one crime based upon the same conduct, he may be *prosecuted* for each crime committed. OCGA § 16-1-7; see also *Lunsford v. State*, 260 Ga. App. 818, 820 (1) (581 SE2d 638) (2003). Thus, the trial court did not err in allowing the state to prosecute Cubia on both charges and forgoing a merger of the charges until sentencing. See *Lunsford*, 260 Ga. App. at 820 (1); *Sartin v. State*, 223 Ga. App. 759, 761-762 (4) (479 SE2d 354) (1996).

3. Cubia further contends that the trial court erred in refusing to apply the rule of lenity in imposing sentencing. Again, his contention is without merit.

Pretermitting whether the rule of lenity applies in this case,[3] the record shows that Cubia indeed was sentenced for the offense with the lowest range of prescribed punishment. Cubia was found guilty of aggravated assault with intent to rape and attempted rape as

---

[2] Although Cubia also argues that he did not receive a fair trial since the trial court overruled his *Batson* challenge during jury selection, he did not enumerate error on this basis. "[A] party cannot expand [his] enumerations of error through argument or citation in [his] brief." (Punctuation and footnote omitted.) *Manley v. State*, 287 Ga. App. 358, 360 (4) (651 SE2d 453) (2007). Consequently, this claim has not been preserved for appellate review.

[3] The rule of lenity applies when statutes establish different punishments for the same offense; the ambiguity thus created is resolved in favor of the defendant, who is then entitled to receive the lesser punishment. See *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007). But, in clarifying the rule, our state Supreme Court has explained that the rule of lenity is not implicated simply because a single act may, as a factual matter, violate more than one penal statute. Id. at 618 (2). In the latter circumstance, the principle of factual merger during sentencing operates to avoid the injustice. Id.

charged. Both were felony offenses. The possible sentence for the aggravated assault offense was between one and twenty years of imprisonment. OCGA § 16-5-21 (b). The possible sentence for the attempted rape offense was between one and thirty years of imprisonment. OCGA §§ 16-4-6 (a); 16-6-1 (b). Following the entry of the guilty verdict, the trial court merged the offenses and sentenced Cubia to 20 years for the aggravated assault, the offense which carried the lesser prescribed punishment. The trial court's sentence was not improper.

4. Lastly, Cubia asserts that the prosecutor's closing argument improperly placed his character in issue. Specifically, Cubia takes issue with the prosecutor's statement that "[h]e was caught red-handed. He was caught in the act on top of her, and he sure didn't want to get up and he only got up once he thought he was going to be [t]ased." But, Cubia did not object to the comment when it was made. Instead, he waited until the end of closing argument and challenged the comment during a bench conference. Cubia's objection, therefore, was untimely. See *Butler v. State*, 273 Ga. 380, 383-384 (8) (541 SE2d 653) (2001); *Fradenburg v. State*, 296 Ga. App. 860, 862-863 (676 SE2d 25) (2009).

Moreover, Cubia's belated objection failed to raise the ground that he now urges on appeal. Because he did not assert that the comment impermissibly placed his character in issue, he is precluded from raising this ground on appeal. See *Burgeson v. State*, 267 Ga. 102, 108 (7) (475 SE2d 580) (1996).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 7, 2009.

*Martin H. Eaves*, for appellant.
*Richard E. Currie, District Attorney, Melanie J. Brogden, Assistant District Attorney*, for appellee.